## SOUTHERN PACIFIC COMPANY v. STEWART.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 89. Submitted December 20, 1918.—Decided January 13, 1919.

As to the jurisdiction in this case, see *s. c.* 245 U. S. 359; *id.* 562.

A stipulation in a contract governed by the Carmack Amendment for the interstate transportation of live stock released the carrier from all loss or damage unless a written claim therefor were made on the carrier's freight claim agent within ten days after unloading of the live stock. *Held* valid, under *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Starbird*, 243 U. S. 592, and *Erie R. R. Co.* v. *Stone*, 244

446.                    Opinion of the Court.

U. S. 332; and observance not excused by the fact that the amount
of the loss could not be ascertained within the period specified; nor
waived by the fact that the carrier, with knowledge of the situation,
negotiated for a compromise before and after the period had expired.
233 Fed. Rep. 956, reversed.

THE case is stated in the opinion.

*Mr. Henley C. Booth, Mr. William R. Harr, Mr. Charles
H. Bates, Mr. C. F. R. Ogilby* and *Mr. William F. Herrin*
for plaintiff in error.  *Mr. Guy V. Shoup* was also on the
brief.

*Mr. P. H. Hayes* for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the
court.

Stewart sued for damages sustained in transit by dairy
cows delivered July 1, 1913, to plaintiff in error for ship-
ment over its railroad from California to Phœnix, Arizona,
under a "live stock shipping order contract and bill of
lading" signed both by himself and it, which, among other
things, provided:

"Second party [the shipper] hereby further agrees that
in case any loss or damage shall have been sustained for
which first party is liable, demand or claim for such loss
or damage will be made by second party on the Freight
Claim Agent of first party, in writing, within ten days
after unloading of the live stock; and that in event of
failure so to do, all claims for loss or damage in the prem-
ises are hereby expressly waived, released and made void,
and it is also expressly agreed by second party that the
amount to be by him claimed for each animal as described
herein, so lost or damaged, shall be adjusted on basis of
value at time and place of shipment, not exceeding the
declared value as hereinbefore set forth, and on which

declared value the rate. or rates of transportation herein-before named by first party are based, and in no event is there to be any recovery from first party or its lessors for any loss of or damage to said live stock, from whatsoever cause arising in excess of the declared value hereinbefore set forth."

As one ground of defense the company relied upon non-compliance with the above-quoted provision. In reply the shipper alleged and at the trial introduced evidence tending to establish facts .and circumstances as follows:

He admitted that the cattle were unloaded and received by him July 5, 1913, at Phœnix and that he made no written claim for loss or damage upon any agent of the carrier within ten days thereafter. But he denied that he could have given notice of his claim within such time or that he had waived or released it.

He alleged that on July 4, 1913, and subsequently the carrier had full knowledge of injuries sustained by the cattle; that they were unloaded into its stock-pens at Yuma July 4, 1913, and prior to reloading five died; that they remained in the stock-pens there without shelter or protection nine hours, under care of carrier's agents; that upon reloading it provided an additional car for sick and crippled cows; that at various points en route the train officials received inquiries from other railroad officials as to conditions and after arrival at Phœnix one of the crippled animals remained several days in a car; that immediately after unloading at Phœnix and daily until October 21, shipper and the railroad agents were in com-munication relative to damages sustained; that the nature and extent of injuries to cows which arrived at destination alive made it impossible to determine within ten days the extent of damage sustained; and that a number of cattle died many days after their arrival at Phœnix.

He further alleged that about October 21, 1913, after repeated efforts to determine the damages, shipper made

demand in writing for $1,570, and on December 15th, as soon as he was able to ascertain nature and extent of the injuries, made written demand for $2,695; that the carrier had repeatedly waived requirement for demand within ten days by recognizing the shipper's right to recover something and attempting to settle and compromise; and that subsequent to October 21st carrier through its claim agents had twice attempted to adjust with the shipper the loss and damage sustained.

The trial court refused to direct a verdict in defendant's favor. Among other things, it said to the jury: "I charge you as a matter of law that if you believe the defendant or its agents or employees did know that five or more of the cattle died while in transit, and also believe that the defendant was negotiating with the plaintiff for a settlement of his claim, and that the defendant knew that the cattle had been injured as alleged in plaintiff's complaint, then the plaintiff was relieved and released from the giving of such notice of loss or injury within ten days as required by the said provisions of said contracts." The Circuit Court of Appeals affirmed a judgment entered upon verdict for the shipper July 3, 1916, 233 Fed. Rep. 956, and, in the course of its opinion, said: "There was proof tending to sustain all the facts so alleged in the [plaintiff's] reply. We think, therefore, that the court below committed no error in instructing the jury that in view of the evidence, if they found it to be true, the plaintiff was relieved and released from giving notice within the ten days."

We have jurisdiction and the motion to dismiss based upon another view is denied. See *Southern Pacific Co.* v. *Stewart,* 245 U. S. 359 and 562.

Considering the principles and conclusions approved by our opinions in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Starbird,* 243 U. S. 592, and *Erie R. R. Co.* v. *Stone,* 244 U. S. 332 (announced since the judgment below) and the cases therein cited, no extended discussion is necessary

to show that upon the facts here disclosed the stipulation
between the parties as to notice in writing within ten days
of any claim for damages was valid. And we also think
those opinions make it clear that the circumstances relied
upon by the shipper are inadequate to show a waiver
by the carrier of written notice as required by the con-
tract.

The trial court erred in giving to the jury the instruction
quoted above; and it should have granted the carrier's
request for a directed verdict.

The judgment of the court is reversed and the cause
remanded for further proceedings in conformity with this
opinion.

                                   *Reversed and remanded.*

MR. JUSTICE MCKENNA and MR. JUSTICE CLARKE dis-
sent.