## BALTIMORE & OHIO RAILROAD COMPANY ET AL. *v.* LEACH.

### CERTIORARI TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 132.    Argued January 15, 16, 1919.—Decided March 10, 1919.

A stipulation in an interstate bill of lading conditioning the shipper's right to recover for loss or damage to live stock upon delivery of a verified claim in writing to a designated agent of the carrier within five days from the removal of the stock from the cars, *held* valid; and not waived; and not substituted by oral notice of the facts to the connecting carrier's agent. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Starbird,* 243 U. S. 592.

173 Kentucky, 452, reversed.

THE case is stated in the opinion.

*Mr. William W. Crawford,* with whom *Mr. Alex. P. Humphrey, Mr. Edward P. Humphrey, Mr. Charles G. Middleton* and *Mr. Churchill Humphrey* were on the briefs, for petitioners.

*Mr. Frank W. Hackett,* with whom *Mr. B. M. Lee* and *Mr. John S. Blair* were on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Respondent Leach sued the petitioners for damages sustained en route by cattle delivered at East St. Loui:

Illinois, October 1, 1914, for shipment to Georgetown, Kentucky. In defense the carriers set up non-compliance with the following provision contained in bill of lading issued as required by act of Congress: "That no claim for damages which may accrue to the said shipper under this contract shall be allowed or paid by the said carrier, or sued for in any court by the said shipper, unless a claim for loss or damages shall be made in writing verified by the affidavit of the shipper or his agent, and delivered to the General Freight Agent of said carrier at his office in Cincinnati, Ohio, within five days from the time said stock is removed from said car or cars, and that if any loss or damage occurs upon the line of connecting carrier, then such carrier shall not be liable unless a claim shall be made in like manner and delivered in like time, to some proper officer or agent of the carrier on whose line the loss or injury occurs." This averment was not denied; but the shipper replied that he promptly advised the railroad's agent at Georgetown of all essential facts and maintained that requirement in respect of written notice to general freight agent had been waived.

The point involved has been discussed in our recent opinions and we can find nothing which takes this case out of the rule requiring compliance with a provision in a bill of lading like the one above quoted. *St. Louis, Iron Mt. & Southern Ry. Co.* v. *Starbird,* 243 U. S. 592; *Southern Pacific Co.* v. *Stewart,* 248 U. S. 446.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE PITNEY and MR. JUSTICE BRANDEIS concur in the result.

MR. JUSTICE CLARKE dissenting.

In this case the shipper sued two connecting interstate

carriers for damages to a carload of cattle, caused by delay
in transit.  Three died in the car and four more within
three or four days of arrival at destination and the defense
sustained by the court is failure to notify the carrier of
claim for damages within five days of unloading.

The carrier pleaded that one of the terms of the bill of
lading was the five-day limitation, quoted in the opinion
of the court.  This was immediately preceded, in the same
paragraph, by the following:

"That in the event of any unusual delay or detention of
said live stock caused by the negligence of said carrier,
or its employees, or its connecting carriers, or their em-
ployees, or otherwise, the said shipper agrees to accept, as
full compensation for all loss or damage sustained thereby
the amount actually expended by said shipper, in the
purchase of food and water for the said live stock while
so detained."

In *Boston & Maine Railroad* v. *Piper*, 246 U. S. 439,
a provision in exactly these terms was held "illegal and
consequently void," as an attempt by the carrier to exon-
erate itself from loss negligently caused by it.  This is
the only provision in the bill of lading, as pleaded, which
is applicable to a claim for delay, such as the shipper made
in this case, and since it is void there is nothing in the con-
tract for carriage on which the five-day limitation could
operate, for it applied in terms only to claims "for dam-
ages which may accrue to the said shipper *under this con-
tract.*"

The suit of the shipper was based on the common-law
liability of the carrier,—not at all on the bill of lading;
the five-day limitation is in terms applicable only to
claims under the bill of lading; the only provision in the
bill of lading applicable to claims for delay was void,
and therefore it seems very clear that the five-day limi-
tation was not available as a defense.

Permit me to add that the many cases coming into this

and other courts show that this five-day limitation is unreasonably short and in my judgment, for this reason, it should be declared void upon its face. Certainly it should not be made a favorite of the law and extended beyond its strict terms, in presence of the Act of Congress, approved March 4, 1915, c. 176, 38 Stat. 1196, declaring that where in such suit the "damage or injury complained of was due to delay . . . or damage in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." While the case before us arose prior to the passing of this act, it is an important declaration of public policy by Congress, which should not be overlooked.

For the reasons thus briefly stated, I cannot concur in the opinion of the court.

MR. JUSTICE McKENNA also dissents.