AMERICAN RY. EXPRESS CO., Inc., v. THE FASHION SHOP, Inc.

(Court of Appeals of District of Columbia. Submitted December 9, 1925. Decided January 4, 1926.)

No. 4267.

Carriers ⊚⟩159(3)—Carrier's failure to notify consignor of nondelivery not waiver of provision relating to time for filing claim.

Carrier, by failing to notify consignor of nondelivery of shipment, *held* not to have waived provision in uniform express receipt relating to time for making claim.

In Error to the Municipal Court of the District of Columbia.

Action by The Fashion Shop, Incorporated, against the American Railway Express Company, Incorporated. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

B. S. Minor, H. P. Gatley, H. B. Rowland, and A. P. Drury, all of Washington, D. C., for plaintiff in error.

David Wiener, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This writ of error to the municipal court involves the question whether the stipulation in the uniform express receipt, issued by plaintiff in error as carrier to the defendant in error as shipper, and providing ˙for the filing of claims for nondelivery of the shipment, was waived through failure of the carrier to notify the shipper of such nondelivery. The shipment involved was received by the carrier at its local office in the District of Columbia on October 20, 1920, and a uniform express receipt was given the shipper, the material provisions of which are that "claims must be made in writing to the originating or delivering carriers within four months after delivery of the property, or in case of failure to make delivery then within four months

after a reasonable time for delivery has elapsed."

The goods were to be delivered to the Prominent Shirt Company, at New York City, N. Y., and upon their arrival in that city in due course delivery was tendered by the carrier to the consignee, but the shipment was refused. Subsequently the goods were sold by the carrier, and the sum of $98.15 realized, which sum the plaintiff in error tenders itself "ready and willing to pay to the plaintiff, if the court should hold it was entitled thereto."

On October 24, 1921, the shirt company filed suit in the District of Columbia against the defendant in error, and the claim "embraced the value of the shirts constituting this shipment." Defendant in error, "explaining that the shirts constituting the shipment of October 20, 1920, had been returned, for which a credit should have been given to offset the claim of the shirt company," the attorney for the shirt company discontinued the suit. Thereafter, on May 2, 1922, defendant in error for the first time communicated with the plaintiff in error relative to the shipment.

In our view, the question here involved is ruled by decisions of the Supreme Court of the United States. In Georgia, Fla. & Ala. Ry. v. Blish Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948, where there had been a failure to make delivery in accordance with the bill of lading, the court ruled that the parties "could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct, and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations." And in Texas & Pac. Ry. Co. v. Leatherwood, 250 U. S. 478, 39 S. Ct. 517, 63 L. Ed. 1096, the court said that the terms of the bill of lading, "in respect to conditions of liability are binding upon the shipper and upon all connecting carriers, just as a rate properly filed by the initial carrier is binding upon them. Each has in effect the force of a statute, of which all affected must take notice."

The receipt given in the present case, conforming as it did to the statutes and the regulations of the Interstate Commerce Commission, was equally binding upon the parties. American Ry. Exp. Co. v. Lindenburg, 260 U. S. 584, 43 S. Ct. 206, 67 L. Ed. 414. The shipper was charged with knowledge of the terms of the contract under which the ship-

ment was made. It was his duty within the prescribed period (that period being reasonable) to ascertain whether there existed a basis for a claim against the carrier. As a prerequisite to a claim for nondelivery, this duty logically involved the ascertainment of whether there had been a delivery. The claim should have been filed within the prescribed period. Since this was not done, the court erred in giving judgment for more than the amount realized by the carrier through the sale of the goods and held by the carrier for the party entitled thereto. Title to the shipment being assumed by the shipper and disclaimed by the consignee, judgment may be entered for the amount admitted to be due.

Judgment reversed, with costs, and case remanded for a new trial.

Reversed and remanded.