## MANBY v. UNION PAC. R. CO.

(Circuit Court of Appeals, Eighth Circuit. January 8, 1926.)

No. 6788.

1. **Carriers ⊜⇒218(10)—Filing of written claim within 4 months after time for delivery elapsed held condition precedent to recovering for misdelivery.**

Under bill of lading requiring written notice of failure to deliver within 90 days after reasonable time for delivery has elapsed, to be supplemented within 4 months by definite written claim, specifying character and amount of claim, *held*, that filing of such claim is condition precedent to recovery for misdelivery.

2. **Carriers ⊜⇒218(10)—Shipper's letters held insufficient written claim for misdelivery of shipment within bill of lading requirement.**

Shipper's letter to railroad general freight agent, stating that shipment was diverted, and asking by whose authority sheep were delivered to person other than consignee, and his subsequent letter, stating that he never authorized change of consignees, *held* not to satisfy bill of lading requirement that definite written claim, specifying character and amount of claim, shall be made within 4 months after delivery should have been made.

3. **Carriers ⊜⇒218(10)—Shipper's oral conversation with carrier's live stock agent held insufficient notice of claim for misdelivery.**

Shipper's oral conversation with railroad's live stock agent respecting misdelivery *held* insufficient to satisfy bill of lading requirement for written notice of claim, or as definite written claim, specifying character and amount of claim, to be filed with carrier's station agent at point of origin or destination.

4. **Carriers ⊜⇒228(5)—Evidence held not to justify submission to jury of issue of railroad's negligence or misdelivery.**

Evidence that shipper sold sheep to person other than consignee *held* not to justify submission to jury of railroad's negligence or misdelivery in delivering to such buyer.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action by J. B. Manby against the Union Pacific Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

J. B. Manby, Jr., of Denver, Colo., for plaintiff in error.

E. G. Knowles, of Denver, Colo. (N. H. Loomis, of Omaha, Neb., and C. C. Dorsey, of Denver, Colo., on the brief), for defendant in error.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and WILLIAMS, District Judge.

WILLIAMS, District Judge. This proceeding in error brings under review action of the lower court in directing a verdict in favor of defendant; the parties appearing in this court in same order as in court below. Under bill of lading or live stock contract four carloads of sheep were shipped by plaintiff on November 28, 1920, from Buhl, Idaho, over defendant's line of railway, consigned to himself c/o Rogerson [Rogers] Commission Company, at Omaha, Neb., he accompanying same as caretaker from point of origin to Laramie, Wyo., at which point on December 3, 1920, said cars of sheep being diverted for feeding in transit at Greeley, Colo., with his consent, according to defendant's contention, or through misdelivery, as alleged by plaintiff, were on December 4, 1920, delivered to W. A. Drake or some one representing him.

On January 4, 1921, plaintiff wrote to defendant's general freight agent as follows: "On November 28, 1920, I shipped four cars * * * of sheep from Buhl, Idaho, to Omaha, Neb., * * * billed from J. B. Manby to J. B. Manby, Omaha, Neb., * * * all cars in care of Rogerson [Rogers] Commission Company, Omaha, Nebraska. On December 3d these four cars of sheep were diverted at Laramie, Wyo., to feed in transit either at Ft. Collins or Greeley, Colo., and W. A. Drake, or some one representing him, received these sheep at one of the above mentioned places. * * * Under whose order or authority were the above sheep delivered to W. A. Drake or his agent, as the sheep have not been paid for?"

Defendant's assistant general freight agent on February 1, 1921, in answer thereto stated: "I understand these sheep were turned over by you to the Rogers Commission Company, and that Mr. Drake bought the sheep from the Rogers Commission Company and paid for them. Apparently, then, you should look to the Rogers Commission Company for settlement."

On February 5, 1921, plaintiff in reply states: "I admit I was at Laramie on December 3, 1920, and I was willing that the four cars of sheep consigned to me should go forward in my name to a feeding in transit point, and remain in my name until paid for.

I never signed any release, or gave any verbal order consenting to any change in the name of the consignee. You did not inform me to what point these sheep were delivered."

The shipping contract contained the following stipulation: "Unless notice of claim for shrinkage, detention, delays, loss or death of, or damage or injury to, said live stock is presented in writing to the station agent of the carrier at the point of delivery, or point of origin, within 90 days from the unloading of said stock at destination, or, in case of failure to make delivery, then within 90 days after a reasonable time for delivery has elapsed, and such notice be supplemented by shipper within 4 months from said date of unloading at destination, or, in case of failure to make delivery, then within 4 months after a reasonable time for delivery has elapsed, by filing with such agent definite claim in writing, specifying character and amount of claim, such claim shall be deemed to have been waived, and each carrier participating in the service performed or called for by this contract shall be discharged from liability: Provided, however, that if loss, damage, or injury complained of was due to delay or damage caused or contributed to by the carrier, or its employés, while being loaded or unloaded, or if damaged in transit by carelessness or neglect of the carrier, or its employés, then no notice of claim or filing of claim shall be required as a condition precedent to recovery."

Plaintiff testified that on the 7th or 8th of February, 1921 (which was not only within 90 days, but also within 4 months of the alleged misdelivery and after the letter of the 5th), Mr. Davis, live stock agent for defendant, by telephone asked him to come to his office for a conference, and there stated that "your sheep are about three miles southeast of Greeley, in possession of C. A. Bartels, and you can go out there and attach them," and "I told him I didn't know that I could do that, that I would consult Judge Morgan about it, and he says, 'I think part of them have gone to market, but there are sheep there that you can attach,' and I said I didn't think I could attach sheep in a third party's name, in Mr. C. A. Bartel's name." Plaintiff further testified that he discussed with said live stock agent his claim against the company, and told him that he would hold the defendant responsible for the sheep, at the price he had contracted them for sale at Laramie. The following excerpt from his evidence is here set out:

"Q. Now, what were his words, if you remember them, or as nearly as you can quote them?. A. He said this; he says, 'Now, Mr. Manby, you were in Laramie.' I said, 'Yes, I know;' and he said, 'Mr. Rogers was at Laramie, and Mr. Drake was at Laramie. And now, if you had not been there, we would feel liable to pay you for these sheep; but, as you were there, we think we are not liable for the payment of these sheep.' We went through the matter thoroughly."

[1] 1. As to plaintiff's contention that "in case of failure to make delivery, then within 4 months after a reasonable time for delivery has elapsed," definite claim in writing specifying character and amount of claim to be presented to defendant's station agent at point of delivery or point of origin, as provided in said stipulation, is not essential as a condition precedent to a recovery, that has been determined against him in a recent case by the Supreme Court of the United States. See Davis v. John L. Roper Lumber Co., 46 S. Ct. 28, 70 L. Ed. ——, decided on November 16, 1925, but not yet [officially] reported.

[2, 3] 2. Under the facts as disclosed by the record, such requirement has not been substantially met. Georgia, Fla. & Ala. Ry. v. Blish Milling Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948. There "the shipper [having made an investigation in response to the communication of the traffic manager of the Railway Company] had telegraphed to the latter * * * only five days after the arrival of the goods at destination, as follows: 'We will make claim against railroad for entire contents of car at invoice price. Must refuse shipment as we cannot handle.' " Within said five days immediately preceding telegrams passing between the parties adequately identified such shipment so that this final telegram, taken in connection with the others established the particular shipment to which the claim referred and "was in substance the making of a claim within the meaning of the stipulation,—the object of which was to secure reasonable notice."

"We think that it sufficiently apprised the carrier of the character of the claim for while it stated that the claim was for the entire contents of the car 'at invoice price' this did not constitute such a variance from the claim for the value of the flour as to be misleading, and it is plain that no prejudice resulted; * * * the stipulation * * * does not require documents in a particular form. It is addressed to a practical exigency, and it is to be construed in a practical way. The

stipulation required that the claim should be made in writing, but a telegram which in itself, or taken with other telegrams, contained an adequate statement, must be deemed to satisfy this requirement." G., F. & A. Ry. Co. v. Blish M. Co., supra.

Said letters or correspondence did not constitute a definite claim in writing, specifying character and amount of claim, required as a condition precedent to recovery. The oral notice to defendant's livestock agent, as testified to by plaintiff, to establish timely presentation, not only of notice of claim by parol, but also of definite claim by parol, specifying character and amount, does not meet requirement either of notice in writing, or of definite claim in writing, specifying character and amount of claim, to be filed with defendant's station agent either at point of origin or destination. See St. Louis Iron Mountain & Southern Ry. Co. v. Starbird, 243 U. S. 592, 37 S. Ct. 462, 61 L. Ed. 917; Georgia, Fla. & Ala. Ry. v. Blish M. Co., supra; So. Pac. Co. v. Stewart, 248 U. S. 446, 39 S. Ct. 139, 63 L. Ed. 350; B. & O. R. R. Co. v. Leach, 249 U. S. 217, 39 S. Ct. 254, 63 L. Ed. 570; Olson v. C. B. & Q. R. Co., 250 F. 372, 162 C. C. A. 442.

[4] 3. That plaintiff sold the sheep to Drake directly, or through the Rogers Commission Company, appears to be established. Drake and Rogers and plaintiff, all three, were at Laramie at the time the sheep were unloaded, and they not only inspected, but also counted, them. A price having been agreed upon between Drake and plaintiff, with the knowledge of Rogers, no further interest was manifested by plaintiff in said sheep, he going with Rogers and Drake to Ft. Collins, to which point the sheep were diverted, and later from there with Drake and Rogers, in Rogers' car, to Denver, arriving in the nighttime, and parting with the understanding that they would meet at the office of Rogers on the next morning, at which time plaintiff would receive the purchase money for said sheep. When plaintiff called at the office on the following morning, Rogers and Drake being in conference in a private room, he was denied admittance thereto. Repeated efforts being made by him during that and the succeeding days to see them for the purpose of collecting said money, no inquiry as to the sheep, their whereabouts or otherwise, was made or caused to be made by him until January 4th, a period of 30 days then having elapsed after such sale and delivery. Having ascertained as to delivery or disposition of the sheep as made by defendant, he sued the Rogers Commission Company for their purchase price, recovering judgment therefor, but upon which nothing was realized. Not until the early part of December, 1922, just before the bar of limitation had fallen against such claim on account of alleged misdelivery, did plaintiff begin this action. The evidence, as disclosed by the record, did not justify submission to the jury the question of fact under the issues, as joined, as to negligence or misdelivery on part of defendant.

The judgment of the trial court is affirmed.