## OLIVIER PRODUCE CORPORATION v. UNITED STATES.

District Court, W. D. Washington, N. D. April 20, 1927.

No. 10203.

**1. Admiralty ⊜⇒66—Affirmative defense held allowable in amended answer.**

Failure to plead an affirmative defense in an answer filed in the absence of the proctor having direct charge of the case for respondent *held* not a waiver of such defense, and respondent may properly be permitted to set it up by an amended answer, offered within 30 days after filing of the original answer.

**2. Estoppel ⊜⇒52—"Waiver" is intentional relinquishment of known right.**

"Waiver" is an intentional relinquishment of a known right.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

**3. Admiralty ⊜⇒59—When in doubt as to vital fact or law, plea in alternative on tendered issue is permissible.**

It is permissible to plead in the alternative, when in doubt as to a vital fact or law on a tendered issue.

**4. Shipping ⊜⇒142—Six months' limitation in bill of lading, within which to sue for cargo loss or damage, held reasonable.**

Limitation in bill of lading of six months within which to begin suit for loss or damage to cargo is reasonable and valid.

**5. Shipping ⊜⇒140(2)—Bill of lading proviso giving carrier benefit of insurance on lost or damaged cargo held enforceable.**

Provision of bills of lading giving carrier benefit of insurance in case of loss or damage to cargo *held* valid and enforceable.

In Admiralty. Suit by the Olivier Produce Corporation against the United States. On exceptions to amended answer. Overruled.

Huffer, Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for libelant.

Bronson, Robinson & Jones, of Seattle, Wash., for the United States.

NETERER, District Judge. An amended answer containing four affirmative defenses is filed. Libelant excepts to the second, third, and fourth affirmative defenses—to the second, because sufficient facts are not stated and that the defense has been waived; to the third, that the limitations set out are unreasonable, invalid, and void, and sufficient facts are not stated and that the defense has been waived; to the fourth, that the limitations are invalid, unreasonable, and void, that sufficient facts are not stated, and that the defense has been waived. An answer was filed March 9, 1927. The limitations in the second, third, and fourth affirmative defenses were not asserted. Exceptions to other affirmative defenses were sustained. Libelant asserts that the new matter set out in the second, third, and fourth affirmative defenses were known to the respondent, and, not being pleaded, were thereby waived.

[1] A right may be waived by conduct or by express words. The exceptions to the answer were argued on the 21st of March, and a formal decision was rendered March 23 following. The amended answer was filed on the 6th of April. No right of the respondent was changed by reason of the amendment. It is stated at bar that the proctor who had direct charge of this litigation was out of the city, and the answer was prepared by another not familiar with all of the facts, and that there is no intentional waiver of any right possessed by the respondent, and that immediately upon the determination of the exceptions the amended answer included all of the facts known to the proctor in charge of the suit, who had returned, was filed.

[2] A libel may be amended with the court's permission, after appearance (Benedict on Admiralty, § 361), and this privilege was accorded to the respondent by the court. It is very apparent that there was no intention on the part of the respondent to waive a known right. In Lehigh Valley R. Co. v. Providence-Washington R. Co. (C. C. A.) 172 F. 364, the court said: "A waiver is the intentional relinquishment of a known right." And in the Siberia Maru, 3 F.(2d) 5, 6, 1925 A. M. C. at page 220, Judge Gilbert, for the Circuit Court of Appeals, said:

"We agree that to constitute waiver there must be an intention to relinquish a known right. That intention may be evidenced by express words, by acts, or by a course of conduct. * * * "

There are no express words of waiver, nor is the course of conduct sufficient to warrant the court in concluding that defenses were waived, or that the libelant was led to a course of conduct or relation in reliance thereon, to its prejudice. In Green Star v. Nanyang Bros. Co. (C. C. A.) 3 F.(2d) 369, 1925 A. M. C. 221, asserting the limitation was not filed until "22 months" later, while in this case it was filed 28 days after the answer was filed, and 14 days after the exceptions to the answer were sustained.

[3] It is permissible to plead in the alternative when in doubt as to a vital fact or law upon a tendered issue. Benedict on Admiralty (5th Ed.) 359. The second affirmative defense is not inconsistent because it relates

to the substance of the first affirmative defense.

[4] The limitation pleaded in the third affirmative defense, to six months for the beginning of a suit or claim, and in default of which, claim for loss or damages shall be deemed waived, is determined by the reasonableness of the provision; and six months' limitation has been held by the Circuit Court of Appeals of the Fourth Circuit in Armour & Co. Aktieselskab v. Gjeruldsen (The Hesperos), 15 F.(2d) 553, 1926 A. M. C. 1614, to be reasonable, and has also been so held by this court in The Eldridge, 295 F. 696. See, also, So. Pac. v. Stewart, 248 U. S. 446, 39 S. Ct. 139, 63 L. Ed. 350.

[5] The exception to the fourth affirmative defense having relation to the clause giving the carrier the benefit of any insurance on goods and that any deferred payments on behalf of the insurers thereof shall inure to the benefit of the respondent and on information and belief charges libelant has received full benefit of such insurance on account of said property damage, or has received a loan on account of such property. Libelant cannot be permitted to speculate on property damage, and, if recompense has been made for damage sustained, by the insurance company, the respondent should have the benefit given by the bill of lading. See Phœnix Ins. Co. v. Erie & Western Transp. Co., 117 U. S. 312, 6 S. Ct. 750, 29 L. Ed. 873. See also, Wager v. Providence Ins. Co., 160 U. S. 99, 14 S. Ct. 55, 37 L. Ed. 1013; Rintoul v. N. Y. C. & H. H. R. Co. (C. C.) 17 F. 905; Carstairs v. Mechanics' & T. Ins. Co. (C. C.) 18 F. 473; The Sidney (D. C.) 23 F. 88.

Full disclosure should be made, to the end that rights of parties may be adjudicated. See Edward Luckenbach v. McCahan Sugar Co., 248 U. S. 139, 39 S. Ct. 53, 63 L. Ed. 170, 1 A. L. R. 1522.

Exceptions denied.