PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A COR-
PORATION, PLAINTIFF, v. READING COMPANY, A
CORPORATION, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided April 25, 1951.

Plaintiff's motion for summary judgment as to certain defenses.

*Mr. Carl T. Freggens* (*Mr. Luke Kiernan* appearing), attorney for plaintiff.

*Messrs. Lum, Fairlie & Foster* (*Mr. Raymond W. Troy* appearing), attorneys for defendant.

CONLON, J. C. C. (temporarily assigned). The plaintiff sues in two counts to recover approximately $25,000 as a consequence of damage to three pieces of electrical equipment known as current limiting reactors while in transit over the defendant railroad from the General Electric Company plant at Pittsfield, Massachusetts, to the plaintiff's siding on the defendant road at Port Reading, New Jersey.

The determination of the two motions before the court involves the construction and application of the Interstate Commerce Act, 49 *U. S. C. A. sec.* 20(11), *sec.* 2(b), the pertinent part of which provides as follows:

"* * * as a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing the bill of lading, or carrier on whose line the loss, damage, injury, or delay occurred within nine months after delivery of the property. * * *"

The defendant contends that no notice of claim was given as provided by the statute and moves for a summary judg-

ment of dismissal on the ground that plaintiff's claim is thereby barred.

Plaintiff, on the other hand, contends that notice of claim was substantially given in accordance with the statutory requirement and seeks to strike that separate defense interposed to each of the two counts of the complaint.

The matter is presented on motion, counter-motion and affidavits. The facts, except as to one material situation, are not in dispute. They are substantially as follows: On June 6, 1948, defendant made delivery of the two reactors, which are the subject of the first count, to plaintiff's siding at Port Reading, New Jersey. On June 9, 1948, delivery was made in similar fashion of the reactor which is the subject of the second count. On June 21, 1948, the defendant sent to plaintiff a written notice of arrival specifying among other things the following: "2 reactors damaged in transit." On June 28, 1949, a similar notice of arrival was received by the plaintiff containing the following: "1 reactor damaged in transit."

Defendant does not deny that it had notice of the damage (as distinguished from notice of claim), and in fact the parties agree that after the discovery of the damage the equipment was examined by representatives of both the plaintiff and the defendant on the defendant's cars. The examination of the first shipment was made on June 11, 1948, and of the second shipment on June 25, 1948. Exactly what transpired at those examinations is not fully disclosed by the moving papers. It is agreed, however, that as a result of them and presumably with the concurrence of the representatives of both parties, the equipment was returned to the General Electric Company in Pittsfield. Whether the reshipment was to ascertain the cause or extent of the damage or to consider whether the reactors should be repaired or scrapped is not clear. Presumably, therefore, questions of fact are involved as to which the parties are not now in agreement. Plaintiff did not ascertain the amount of damage to the equipment, i. e., the cost of repair, until December, 1949

(some 18 months after the shipment) at which time it notified the defendant of its loss and requested payment.

Admittedly, under the facts as presented, the plaintiff did not file a notice of claim in writing, and if such filing were a necessary prerequisite to a cause of action the plaintiff would be barred. However, the courts have declined to give such an inflexible construction to the statute. In *Hyatt Roller Bearing Co. v. Penn. R. R. Co.,* 92 *N. J. L.* 94 (*Sup. Ct.* 1918); 92 *N. J. L.* 631 (*E. & A.* 1919), Justice Minturn, speaking for the Supreme Court in construing a bill of lading similar to the one before us, and subject to the same statute, says this (*p.* 96):

"We think the information conveyed by the plaintiff to the defendant was substantially a claim within the meaning of the language quoted. The liberality of interpretation placed upon that term by the Federal Supreme Court, and the courts of sister states, where the question has arisen, evinces that the fundamental reason for the requirement is to enable the carrier to trace the goods within a reasonable period after the delivery, or the failure to deliver, so as to protect itself from resulting loss, upon a subsequent claim for damage.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

In conformity with that general view, the rule is generally accepted to be, that a stipulation requiring the giving of notice of a claim for damages must be given a reasonable construction, and a substantial compliance therewith on the part of the shipper is all that is required."

The defendant contends with great force that all the plaintiff did was to give "notice of damage" as distinguished from a "notice of claim" and that a mere notice of damage is not sufficient to constitute compliance with the statute. That there is a clear distinction between the two is indicated in almost all the cases submitted. The forceful language of Judge Hand is typical (*Anchor Line v. Jackson,* 9 *Fed.* 2d 543 (*C. C. A.* 2, 1925)):

"The upshot of these cases is that notice that the goods have been damaged is not notice of a claim for recoupment. The result is perhaps a narrow interpretation, and has not been established in

this circuit without strong opposition. Its existence is, however, unquestioned, and it seems to us undesirable by nice distinctions to invite perpetual litigation in its application. There can, indeed, be no doubt that it is one thing to advise a ship * * * that she has discharged damaged goods and another that you mean to hold her for the loss. * * * We may concede that notice of damage ordinarily presupposes that the consignee is contemplating a claim, but it is not equivalent even to an assertion that he will make one in the future; * * * there must be language showing an intention to make the claim."

On the other hand, the cases uniformly hold that a strict compliance with the statute is not a *sine qua non* to recovery "where the carrier has or is chargeable with actual knowledge of all the conditions as to the damages that a written notice could give." *Hopper Paper Co. v. Baltimore & Ohio R. R. Co.*, 178 *Fed.* 2d 179 (*C. C. A.* 7, 1949).

In view of the foregoing principles the question whether or not there was a substantial compliance with the statute on the part of the plaintiff in lieu of a written notice of claim creates a factual issue to be determined by the court or the jury after a full presentation of the evidence. It may very well be that the resolution of that question will depend largely upon the testimony of the representatives of the two parties as to what took place on the occasions of the inspection of the equipment and the resulting conclusion that it be returned to the consignor. That issue is not determinable on these motions.

Both motions are denied without costs.