17 N.J. Super. 536 (1951)
86 A.2d 318
PUBLIC SERVICE ELECTRIC & GAS COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
READING COMPANY, A FOREIGN CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 24, 1951.
*537 Mr. Carl T. Freggens (Mr. Luke A. Kiernan, appearing), attorney for plaintiff.
Messrs. Lum, Fairlie & Foster (Mr. Raymond W. Troy appearing), attorneys for defendant.
COLIE, J.S.C.
This suit was brought by Public Service Electric & Gas Company against Reading Company, seeking recovery for damage to three current limiting reactors. The essential facts appear in the opinion of the Honorable Joseph L. Conlon heretofore filed on a preliminary motion, 13 N.J. Super. 383, 80 A.2d 473 (Law Div. 1951), and in the opinion filed by this court after trial of the case without a jury. Thereafter, the plaintiff moved for a new trial on the grounds: (1) that the findings of fact and conclusions of law were not supported by the evidence; (2) that the evidence clearly warranted a verdict in favor of the plaintiff; (3) that the defendant was not entitled to a judgment as a matter of law under the evidence; (4) that the judgment (verdict) was clearly contrary to the greater weight of the evidence. Additionally, the plaintiff applied for leave: (1) to take additional testimony if necessary; (2) to amend the findings of fact and conclusions of law; (3) to make new findings and conclusions and to direct the entry of a new judgment.
The motion for a new trial on grounds 2, 3 and 4 above stated is denied; the court being of the opinion that the evidence fully supports the findings of fact (except in one *538 particular hereinafter mentioned), and further finds that the conclusions of law expressed therein are in accord with the prevailing rule.
As to ground 1, namely, that the findings of fact and conclusions of law are not supported by the evidence, the opinion states: "There is no evidence in this case, written or verbal, of a claim." This statement is inaccurate. At the trial, the defendant introduced in evidence Exhibit D-2, a copy of an inter-company memorandum from E. Walton of the Reading Company to C.H. Diamond, the Freight Claim Agent of the Reading Company. In that memorandum, there appears the following paragraph:
"Car Foreman Harbison and I inspected the broken pieces of limestone which had already been unloaded from CRP 82520 and found three pieces with corners and part of the sides broken off; two of the pieces the broken parts were on the back side and we were advised that they could be used and no claim made on same; however, one piece marked S-11 was broken on the face or smooth side of the limestone, which they stated they could not use."
Insofar as the opinion stated that there was no evidence, written or verbal, of a claim, it was inaccurate because of the language quoted above: "* * * we were advised that they could be used and no claim made on same." In considering this evidence and all reasonable inferences that may be drawn therefrom, the court is of the opinion that the evidence falls short of establishing a claim against the defendant railroad company. The application for a new trial is denied.
So far as the application to amend the findings of fact and conclusions of law is concerned, the motion to amend the findings of fact is granted to the extent that the inaccuracy in this court's earlier opinion is cleared up by stating that while there was some evidence of a claim, such evidence was not sufficient to establish a claim within the meaning of 49 U.S.C.A., sec. 20(11).
The application to take additional testimony is denied. Under our practice the plaintiff had available to it, prior to *539 the trial of this case, under Rule 3:34-1 the right to inspect any papers, not privileged, which might contain evidence relating to the matters within the scope of Rule 3:26-2. Rule 3:26-1 permits taking the testimony of any person for use in the action and Rule 3:26-2 permits the examination of such witness "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." In view of the wide latitude relating to discovery given to litigants under the present rules, the plaintiff could have, had it taken advantage of the applicable rules for discovery to a sufficient extent prior to the trial of this cause, ascertained the name of the witness Walton, whose testimony is sought in the application for leave to take additional testimony, and could have ascertained and inspected the very paper which was marked in the trial as Exhibit D-2, one paragraph of which has been quoted verbatim.
To grant the application after the case has been fully tried is to permit this plaintiff to gamble on the non-production of a witness who might have been produced at the trial had the plaintiff pursued the remedies available to it. The present application is based upon Rule 3:59-1 as amended. Rule 3-61 provides that a new trial shall not be granted unless a denial of the relief sought is inconsistent with substantial justice. The court feels that substantial justice is consistent with a denial, particularly in light of the plaintiff's failure to utilize all means available to present the testimony of Mr. Walton at the trial of the case.
The motions are denied with the single exception of the amendment of the findings of fact as stated in the court's opinion heretofore filed.