**PENN STATE LAUNDRY CO., a Corporation, Plaintiff,**

v.

**The PENNSYLVANIA RAILROAD CO., a Corporation, Defendant.**

Civ. A. No. 9872.

United States District Court
W. D. Pennsylvania.

Aug. 17, 1955.

J. D. Golding, Pittsburgh, Pa., for plaintiff.

John R. Bredin, Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

This is a motion by plaintiff for new trial. The action against defendant, an interstate common carrier, is for damages sustained by plaintiff's machinery which had been shipped via the defendant carrier. At the conclusion of the testimony, defendant moved for a directed verdict upon the grounds (1) that no notice in writing of its claim was given by plaintiff to defendant within nine months after delivery, (2) that plaintiff had failed to make out a case against defendant, and (3) that there was no evidence to support a finding of negligence on defendant's part proximately causing damage to plaintiff's shipment. Defendant's motion was granted upon the first ground stated.

The motion for new trial avers that the court erred in directing a verdict for defendant.

The bill of lading covering the shipment provided:

> "As a condition precedent to recovery, claims must be filed in writing with the * * * carrier * * within nine months after delivery of the property * * *. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

The Interstate Commerce Act, § 20 (11), as amended, 49 U.S.C.A. § 20(11), provides:

> "[I]t shall be unlawful for any such receiving or delivering common carrier to provide by rule, contract, regulation, or otherwise a shorter period for the filing of claims than nine months * * *."

The shipment was delivered December 27, 1949. Written notice of plaintiff's claim was first given by plaintiff to defendant February 5, 1951, by letter of plaintiff's attorney. Thus, written notice of the claim was not filed within nine months of delivery, as required by the bill of lading. Plaintiff does not contend that there was any evidence from which the jury could have found that defendant by words or conduct induced plaintiff not to file the required written claim. Cf. Lehigh Valley R. R. v. State of Russia, 2 Cir., 21 F.2d 396, 404, certiorari denied, 1927, 275 U.S. 571, 48 S.Ct. 159, 72 L.Ed. 432.

Plaintiff seeks to avoid the requirement of the bill of lading on the ground that plaintiff gave oral notice through its president to defendant and tried to obtain payment of the claim from defendant's freight agents within the nine months' period and that defendant prepared a damage report as a result of such oral notice. Plaintiff contends, therefore, that it may recover on the ground that under these circumstances, written notice was waived or should not be required in the presence of actual notice.

However, the decided cases are squarely opposed to plaintiff's contentions. Chesapeake & O. Ry. v. Martin, 1931, 283 U.S. 209, 221–222, 51 S.Ct. 453, 75 L.Ed. 983; Gooch v. Oregon Short Line R. R., 1922, 258 U.S. 22, 24, 42 S.Ct. 192, 66 L.Ed. 443; Baltimore & O. R. R. Co. v. Leach, 1919, 249 U.S. 217, 39 S.Ct. 254, 63 L.Ed. 570; Southern Pac. Co. v. Stewart, 1919, 248 U.S. 446, 39 S.Ct. 139, 63 L.Ed. 350; St. Louis, I. Mt. & So. Ry. Co. v. Starbird, 1917, 243 U.S. 592, 37 S.Ct. 462, 61 L.Ed. 917; Northern Pac. Ry. v. Mackie, 9 Cir., 1952, 195 F.2d 641; Delphi Frosted Foods Corp. v. Illinois Cent. R. R., 6 Cir., 188 F.2d 343, 345–346, certiorari denied, 1951, 342 U.S. 833, 72 S.Ct. 53, 96 L.Ed. 630; Insurance Co. of North Amer. v. Newtowne Mfg. Co., 1 Cir., 1951, 187 F.2d 675, 680–682; Manby v. Union Pac. R. R., 8 Cir., 1926, 10 F.2d 327; American Ry. Express Co. v. The Fashion Shop, Inc., 1926, 56 App. D.C. 114, 10 F.2d 909; cf. Empire Box

Corp. v. Delaware, L. & W. R. R., 2 Cir., 1948, 171 F.2d 389, 6 A.L.R.2d 874.

Hopper Paper Co. v. Baltimore & O. R. R. Co., 7 Cir., 1949, 178 F.2d 179, certiorari denied, 1950, 339 U.S. 943, 70 S. Ct. 797, 94 L.Ed. 1359, is distinguishable on its facts. Although the language of the opinion suggests, contrary to the cases cited above, that actual knowledge may suffice in place of a written claim, subsequent decisions have limited the Hopper Paper case as authority to its factual situation. Northern Pac. Ry. v. Mackie, supra, 195 F.2d at page 643; Delphi Frosted Foods Corp. v. Illinois Cent. R. R., supra, 188 F.2d at page 345; Insurance Co. of North Amer. v. Newtowne Mfg. Co., supra, 187 F.2d at page 681; Public Service Electric & Gas Co. v. Reading Co., 17 N.J.Super. 148, 85 A.2d 548, 549, motion for new trial denied, 1951, 17 N.J. Super. 536, 86 A.2d 318, affirmed per curiam, 1952, 9 N.J. 606, 89 A.2d 242.

For the foregoing reasons, defendant's motion must be denied. An appropriate order is entered.