Ruth ERDAHL, Plaintiff and Respondent,

v.

Neil HEGG, Defendant and Appellant.

Sven ERDAHL, Plaintiff and Respondent,

v.

Neil HEGG, Defendant and Appellant.

No. 7952.

Supreme Court of North Dakota.

Aug. 22, 1961.

———◆———

Nilles, Oehlert & Nilles, Fargo, for plaintiffs and respondents.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendant and appellant.

MORRIS, Judge.

This opinion embraces two actions for damages growing out of a collision between two automobiles at the intersection of First Street North and Tenth Avenue North in the City of Fargo on October 2, 1955, at approximately 7:45 o'clock p. m. When the collision occurred, the plaintiff Ruth Erdahl was driving her husband's Packard automobile in a southerly direction on First Street North. She was the sole occupant of that car. Neil Hegg, the defendant, was driving his automobile in an easterly direction on Tenth Avenue North. The streets intersected at right angles. Ruth Erdahl seeks damages for her personal injuries. Her husband, Sven Erdahl, seeks to recover for the medical and hospital expenses incurred on behalf of his wife, for the deprivation of her companionship, society and assistance, and for damage to his automobile. The cases were consolidated for trial. They have been tried twice. The first trial resulted in verdicts for the plaintiffs. On appeal to this court, new trials were granted for error in instructions of the court pertaining to the legal effect of an ordinance of the City of Fargo purporting to regulate the speed of motor vehicles on city streets. Erdahl v. Hegg, N.D., 98 N. W.2d 217. Upon a retrial of the cases, which included a counterclaim by the defendant against Sven Erdahl for damages to the defendant's automobile, the jury, on April 6, 1960, rendered a verdict for the dismissal of the complaint in each action and for a dismissal of defendant's counterclaim.

The plaintiffs moved for a new trial on the ground of newly discovered evidence. The defendant appeals from the trial court's order granting a new trial.

The defendant asserts that the trial court erred in granting a new trial because of the failure of the plaintiffs to use due diligence in discovering the proposed new evidence, that such evidence is cumulative, and that it is not probable that it would change the result of the trial.

Rule 59 of the North Dakota Rules of Civil Procedure sets forth causes for new trial, among them being:

"Newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

This is the identical language used in the statute that was superseded by the rule (Section 28-1902, NDRC 1943).

The proposed newly discovered evidence is presented in the affidavits of two persons, Mrs. C. Brekke, and Stephen Auenson, her grandson, who was born October 4, 1948 and lacked two days of being seven years old at the time of the accident. Both affidavits are dated July 21, 1960. Mrs. Brekke states that she is 65 years of age and has resided continuously at her present address, 919 Second Street North, Fargo, since 1943. The front of her house faces west on Second Street. Her kitchen is on the north side of the house. There are two kitchen windows facing Tenth Avenue that are approximately table height, each of which is 4 ft. x 2 ft. in size. The evening of the accident she was having lunch with her grandson as she sat in a chair on the east side of the kitchen table. The grandson was sitting on the west side of the table. Her attention was attracted by the sound of an automobile motor. She looked out a kitchen window and saw an automobile traveling east on Tenth Avenue "at a fast rate of speed." She made an exclamation to her grandson when she heard a screeching noise followed by a loud crash. No other automobile passed the windows going east on Tenth Avenue. (The intersection at which the accident occurred is about 250 feet east of the kitchen windows.) The car that Mrs. Brekke heard and observed had its headlights on, as it was dark outside. She further states that she was contacted at work by a lawyer who was investigating the accident but she refused to discuss the facts with the lawyer because of her fear of lawyers based on an

unfortunate family matter and her desire not to get involved in the accident in any way.

Stephen Auenson, the grandson, states in his affidavit that he has completed the Sixth Grade in school and that his marks consist mostly of A's, with some B's. He attends Sunday School regularly and realizes the importance of telling the truth at all times and that if a person does not tell the truth he is subject to punishment under the law. He also realizes the seriousness of an oath. He corroborates his grandmother with respect to the incident in the kitchen immediately preceding the accident. He further states that from what he saw of the automobile he is of the opinion that it was traveling at a speed of 35 to 40 miles an hour as it proceeded east on Tenth Avenue. After he heard the crash he ran out of the house and to the scene of the accident. One of the vehicles involved was the vehicle he had just seen traveling east on Tenth Avenue. He also states that he had not talked to the plaintiffs or their attorney or in any way discussed the accident with them prior to July 20, 1960.

While the proffered evidence is of doubtful probative value because of a lack of any showing of experience on the part of the witnesses, their meager opportunity to observe the speed of the vehicle, the time that elapsed (over 4 years and 9 months) between the accident and the dates of the affidavits, and the youthfulness of one of the witnesses, we feel that the controlling question on this appeal is that of diligence.

The affidavit of the plaintiff Ruth Erdahl states that shortly after her release from the hospital on October 10, 1955, she was advised "third-hand" that a Mrs. C. Brekke, who lived within a block of the accident scene, might be a witness to the fact that the car that struck the Erdahl car had been speeding immediately prior to the accident. She further states that she did not talk with Mrs. Brekke nor learn of the knowledge Mrs. Brekke had with respect to the accident until after July 20, 1960.

It appears from the affidavit of Sven Erdahl that when he learned from his wife shortly after her return from the hospital that Mrs. Brekke might be a witness to the fact that the car that struck the Erdahl car had been speeding immediately prior to the accident, he gave this information to his attorney. The affiant did not talk to Mrs. Brekke, or know of what actual knowledge she had, if any, with respect to the accident, prior to July 20, 1960. He did not learn of the proposed witness Stephen Auenson until after he had talked with Mrs. Brekke.

According to the affidavit of the attorney for the plaintiffs, he made a thorough investigation of the accident and the police records with respect thereto. He interviewed a number of people but did not learn of Mrs. Brekke until he was advised by Sven Erdahl that she might be a possible witness to the accident. Thereupon he went to her home, and not finding her, drove to her place of employment in West Fargo where she managed a cafe. Mrs. Brekke refused to discuss the accident with the attorney, stating that she did not want to become involved in the matter. The attorney then left and advised his clients that Mrs. Brekke was unwilling to cooperate in any way concerning whatever knowledge, if any, she had regarding the accident. After the second trial, Mrs. Brekke was, through the efforts of her daughter, induced to come forward with the information she had concerning the accident, and it was not until then that the attorney learned of the existence of the witness Stephen Auenson.

The affidavits submitted by the plaintiffs disclose that shortly after the accident the plaintiffs and their attorney learned that Mrs. Brekke, who resided less than a block from the scene of the accident, was a possible witness whose testimony might be relevant on the important issue of the speed of the defendant's car. As a result of this information, plaintiff's attorney attempted to interview the prospective witness. She refused to discuss the matter with him.

The defendant argues that the exercise of reasonable diligence on the part of plaintiffs would have prompted them to resort to discovery under our Rules of Civil Procedure to ascertain the information that the witness had and which she was reluctant to disclose. There is merit in this contention. Under Rule 26(a) of the North Dakota Rules of Civil Procedure, a party may take the testimony of any person by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action, or for both purposes. Under subsection (b) of Rule 26, the deponent may be examined regarding any matter not privileged which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the identity and location of persons having knowledge of relevant facts. It is not a ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. It is further provided, in subsection (f), that a party will not be deemed to make a person his own witness for any purpose by taking his deposition.

The defendant cites, in support of his contention, Brown v. Bertrand, 254 Minn. 175, 94 N.W.2d 543, 550, in which the court, under a somewhat comparable situation, reversed an order of the trial court granting a new trial because the plaintiff had failed to exercise due diligence in discovering the proffered evidence through the procedure afforded by discovery rules available under the Minnesota Rules of Civil Procedure, which are very similar to ours. The court said:

> "The rules cited are designed to enable parties to procure in advance of trial evidence which is not privileged and which is relevant to the subject matter involved in the litigation, including documents, as well as facts relative to the identity and location of persons having knowledge of pertinent facts.
>
> \*     \*     \*     \*     \*     \*
>
> "Under the circumstances described here, we cannot escape the conclusion that plaintiff has failed to demonstrate that prior to trial he exercised reasonable diligence in endeavoring to discover the evidence which he now claims is 'newly discovered' so as to justify the order for a new trial."

Another case in point is Public Service Electric & Gas Co. v. Reading Co., 17 N.J. Super. 536, 86 A.2d 318, 320, affirmed 9 N.J. 606, 89 A.2d 242. After judgment in favor of the defendant, the plaintiff moved for a new trial and applied for leave to take additional testimony. In denying the application to take additional testimony, the court cited the New Jersey practice rules, including Rule 3:26-2 which permitted examination of witnesses in the identical language of our Rule 26(b), and stated:

> "In view of the wide latitude relating to discovery given to litigants under the present rules, the plaintiff could have, had it taken advantage of the applicable rules for discovery to a sufficient extent prior to the trial of this cause, ascertained the name of the witness Walton, whose testimony is sought in the application for leave to take additional testimony, and could have ascertained and inspected the very paper which was marked in the trial as Exhibit D-2, one paragraph of which has been quoted verbatim.
>
> "To grant the application after the case has been fully tried is to permit this plaintiff to gamble on the non-production of a witness who might have been produced at the trial had the plaintiff pursued the remedies available to it."

We feel that the reasoning of the cases cited is sound and results in a salutary precedent which will encourage diligence

and prompt the use of discovery proceedings to the end that all available facts pertinent to the case may be discovered and presented in one trial.

With reference to the proposed evidence of Stephen Auenson, we would point out that a deposition of Mrs. Brekke with respect to the matters set out in her affidavit would have resulted in the disclosure of the presence of her grandson in the kitchen and his participation in the incident which she relates. Furthermore, his affidavit does not disclose admissible evidence of sufficient probative value to warrant the granting of a new trial by the trial court.

It is our conclusion that the evidence upon which the new trial was granted could have been discovered by the exercise of reasonable diligence through available discovery proceedings. The order granting a new trial is reversed.

SATHRE, C. J., and STRUTZ, BURKE, and TEIGEN, JJ., concur.