MATTER OF LOGAN

In Deportation Proceedings

A-30374856

*Decided by Board May 2, 1980*

(1) A plea of nolo contendere is final and constitutes a conviction within the meaning of section 241(a)(4) of the Act. *Matter of W—*, 5 I&N Dec. 759 (BIA 1954) reaffirmed.

(2) Passing a worthless check in violation of Arkansas Statute Section 67-720 is a crime involving moral turpitude because intent to defraud is clearly an ingredient of the crime.

(3) The crime of interfering with a law enforcement officer (Arkansas Statute 41-2804) is analagous to assault, and where the record of conviction established the use of "deadly physical force by pulling a knife" in violation of Arkansas Statute #41-2804(2)(i), the crime was one involving moral turpitude.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. 1251(a)(4)]—After entry convicted of two crimes involving moral turpitude, to wit, passing worthless checks and interference with law enforcement officer.

ON BEHALF OF RESPONDENT: Michael A. Skipper, Esquire
700 Tower Building
Little Rock, Arkansas 72201

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from the July 10, 1978, decision of an immigration judge finding him deportable as an alien who has been convicted of two crimes involving moral turpitude after the time of entry pursuant to section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4). The appeal will be dismissed.

The respondent is a 51-year-old divorced male alien, a native of England and a citizen of Canada. The respondent last entered the United States on June 29, 1972. On July 10, 1975, he was convicted on a plea of guilty for the offense of passing a worthless check in violation of Arkansas Statute, Section 67-720.[1] On December 9, 1976, he was

[1] Section 67-720—Obtaining property with a check drawn on insufficient funds—It shall be unlawful for any person to procure any article or thing of value, or to secure

convicted on a plea of nolo contendere for the offense of interference with a law enforcement officer in violation of Arkansas Statute, Section 41-2804.[2] Based on the above the immigration judge found that the respondent was deportable for having been convicted of two crimes involving moral turpitude pursuant to section 241(a)(4) of the Act.

The sole ground of appeal is the respondent's contention that his conviction for interference with a law enforcement officer does not constitute a conviction for a crime involving moral turpitude and is insufficient grounds for deportation pursuant to section 241(a)(4) of the Act. Further the respondent contends that the Service did not meet its burden of proving that the crimes involved did not arise out of a single course of criminal misconduct.

We concur with findings of the immigration judge that the respondent was convicted of two crimes involving moral turpitude. As to the respondent's conviction for passing a worthless check, a review of the Arkansas Statute shows that guilty knowledge is required with the inclusion of the words "with intent to defraud." We have previously held that passing a worthless check is a crime involving moral turpitude if the statute imposes the requirement of guilty knowledge. *Matter of McLean*, 12 I&N Dec. 551 (BIA 1967); *United States ex rel. Portada* v. *Day*, 16 F.2d 328 (S.D.N.Y. 1926).

The respondent's second conviction for interference with a law enforcement officer is also a crime involving moral turpitude. The respondent's plea of "nolo contendere" is final and constitutes a "conviction" within the statute authorizing deportation. *Matter of W—*, 5 I&N Dec. 759 (BIA 1954). Further, the conviction of the respondent was based on the fact that he knowingly threatened to employ deadly physical force, to wit: by pulling a knife on a law enforcement officer engaged in the performance of his official duties. The crime of interfering with a law enforcement officer is analogous to assault. Simple assault is not considered to be a crime involving moral turpitude.

possession of any personal property to which a lien has attached or to make payment of any taxes, licenses, of fees, or for any other purpose to make or draw or utter or deliver, with intent to defraud, any check, draft or order, for the payment of money, upon any bank, person, firm, or corporation, knowing at the time of such making, drawing, uttering, or delivering, that the maker or drawer has not sufficient funds in, or on deposit with, such bank, person, firm, or corporation for the payment of such check, draft or order, in full, and all other checks, drafts or orders upon such funds then outstanding.

[2] Section 41-2804—Interference with a Law Enforcement Officer—(1) A person commits the offense of interference with a law enforcement officer if he knowingly employs or threatens to employ physical force against a law enforcement officer engaged in performing his official duties. (2) Interference with a law enforcement officer is a Class C felony if: (i) the person uses or threatens to use deadly physical force; or (ii) the person is assisted by one (1) or more other persons and physical injury to the officer results. (b) Otherwise interference with a law enforcement officer is a Class A misdemeanor.

*Matter of Baker,* 15 I&N Dec. 50 (BIA 1974). However, there are numerous cases indicating that assault with a deadly weapon is a crime involving moral turpitude. *Matter of Ptasi,* 12 I&N Dec. 790 (BIA 1968); *Matter of Goodalle,* 12 I&N Dec. 106 (BIA 1967); *Matter of Baker, supra. Matter of Medina,* 15 I&N Dec. 611 (BIA 1976). In this case, the felony information which is a part of the record of conviction, states that the respondent employed deadly physical force by pulling a knife on a law enforcement officer. We find therefore that a conviction of such a crime under Section 41-2804 of the Arkansas statute is a crime involving moral turpitude.

Further, we note that the first conviction occurred in July of 1975 and the second conviction occurred in December of 1976. We find no merit in the respondent's contention that the convictions arose out of a single scheme of criminal misconduct.

We conclude that the respondent is deportable under section 241(a)(4) of the Act as an alien who has after entry been convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct. Deportability has been established by clear, convincing, and unequivocal evidence. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.