8230

DEAVER-JETER CO. v. SOUTHERN RY.

1. EVIDENCE—CARRIER—FREIGHT.—A LETTER from an agent of a carrier in response to an inquiry about lost freight to the effect that he was informed by another agent of the carrier that the goods had been destroyed by fire at another station on the line of the carrier, is competent against the carrier to show the goods were in its possession.

2. CARRIER—FREIGHT—BILL OF LADING.—A stipulation in a bill of lading that claims for damages to freight must be filed within thirty days after arrival of goods or after they should have arrived, does not apply where the goods nor any part of them were not delivered and where the carrier knew before hand that the goods had been destroyed in its possession.

3. IBID.—IBID.—That the seller had contracted with the buyer to save him harmless of loss for goods lost in transit does not affect the rights of either buyer or seller as against the carrier.

Before GARY, J., Union, September term, 1911. Reversed.

Action by Deaver-Jeter Company against Southern Railway. Plaintiff appeals.

*Messrs. Jno. K. Hamblin* and *Wallace & Barron,* for appellant. *Mr. Hamblin* cites: *There was evidence to show the goods were lost in possession of defendant:* 76 S. C. 311; 66 S. C. 478. *The stipulation as to time for filing claims for damages may be waived:* 85 S. C. 35; 70 S. C. 22, 295; 78 S. C. 397; 81 S. C. 472; 84 S. C. 251. *This stipulation does not apply here:* 5 Ency. 324-5; 80 Tex. 603; 87 Ga. 734; 55 Am. & Eng. R. R. Cas. 337. *The letter is the declarations of an agent within the scope of his agency:* 77 S. C. 121; 53 S. C. 448.

*Messrs. Sanders & DePass,* contra, cite: *This letter was no part of the res gestae:* 19 S. C. 373; 27 S. C. 64; 53 S. C. 448. *Stipulation as to notice of loss is binding unless waived:* 21 Wall. 264; 28 Am. R. 384; 51 Ind. 127; 71

S. C. 506; 75 Ohio 249; *Kelly* v. *Ry.*, 84 S. C.; 88 S. C. 360.

June 6, 1912.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  This is an appeal from an order of nonsuit.  In August, 1908, The Fechheimer-Keifer Company, of Cincinnati, delivered to the Louisville & Nashville Railroad Company a case of clothing for transportation and delivery to plaintiff at Carlisle, S. C.  The goods never reached destination.  Plaintiff made inquiry for them of defendant's agent at Carlisle, and under date of September 14, 1908, he wrote plaintiff: "I am informed by our route agent, Mr. W. G. Wall, that a case of clothing consigned to you all shipped from Cincinnati, Ohio, was destroyed by fire at Hamburg, S. C., on account of high water and an act of God."  There was testimony that Hamburg is on defendant's road, and that the fire was caused by the high water of the Savannah River, during the freshet of August, 1908, getting into a carload of quick lime.  In October, 1910, plaintiff filed with defendant's agent, at Carlisle, a claim for the value of the goods, and in December, 1910, this action was brought to recover the value of the goods and the statutory penalty for failing to pay the claim therefor.

The nonsuit was granted upon two grounds: 1. Because there was no evidence that defendant ever received the goods or lost them.  2. Because the claim therefor was not filed within the time stipulated in the bill of lading.

We think the letter of defendant's agent at Carlisle was competent evidence that defendant had received the goods, and that they were destroyed while in its possession.  If defendant received the goods, it was its duty to deliver them to plaintiff, or inform plaintiff what had become of them.  It could discharge this duty only through its agents.  Therefore, the agent at Carlisle

was acting within the scope of his duty and authority when he undertook to find out whether defendant had received the goods, and, if so, what had become of them, and in giving plaintiff the information.

The bill of lading contains a stipulation that "claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

Such a stipulation, where the time limit is reasonable, is usually sustained by the Courts. 5 A. & E. Enc. L. (2 ed.) 321; 6 Cyc. 505. The principal ground upon which such a stipulation is held to be reasonable and valid is that carriers usually handle great numbers of shipments which are liable for various reasons to be lost or misplaced or injured in transporting them; and if part of a shipment has been lost or misplaced, unreasonable delay in informing the carrier of the fact tends to defeat an effort to trace the shipment and find and deliver the part lost or misplaced; if a shipment has been damaged in transportation, unreasonable delay in notifying the carrier tends to defeat any effort to ascertain the character and extent of the damage, and, therefore, subjects the carrier to the greater possibility of having to pay fraudulent or exhorbitant claims for damages. Therefore, the carrier is entitled to reasonably prompt notice of the loss or damage for its own protection; and where a shipment has passed through the hands of a number of connecting carriers, the last carrier, who is presumptively liable for the loss of a part of it, or for the damage done to it in transportation, is entitled to be informed with reasonable promptness of the loss or damage, in order that he may trace the shipment and find out which of the connecting carriers is actually liable for the loss or damage. But as that presumption does not arise, unless

the shipment or some part of it is delivered, the reason for prompt notice of loss or damage does not apply where there is no actual delivery. The authorities generally agree that a stipulation requiring the filing of claims within a given time after delivery does not apply in cases where there is no delivery. *Porter* v. *Southern Express Co.,* 4 S. C. 138; 6 Cyc. 506; 5 A. & E. Enc. L. (2 ed.) 324. We are not called upon to pass upon the reasonableness of the time allowed for filing the claim under the stipulation in this case, because there can be no reason for requiring the filing of the claim, if the defendant already knew of the loss, and that it occurred while the goods were in its possession. If the facts be as stated in the letter, defendant could not have been prejudiced by the failure to file the claim within the time provided in the stipulation; hence the failure should not be allowed to defeat plaintiff's action. It was held in *Kelly* v. *Ry. Co.,* 84 S. C. 251, 66 S. E. 198, that where the carrier was informed of the damage and examined the goods with a view of ascertaining the extent of it, such a stipulation did not apply.

Respondent contends that the nonsuit should be sustained because the evidence shows that plaintiff is not the owner of the goods. This contention is based solely upon the ground that the seller of the goods agreed to save plaintiff harmless and pay all expenses incurred on account of this suit. That agreement may tend to show what the parties thought their rights were as between themselves, but it does not alter the legal rights of either as against the defendant. There was positive evidence that plaintiff was the owner of the goods.

Judgment reversed.

Messrs. Chief Justice Gary *and* Justice Woods *concur.*

Messrs. Justices Watts *and* Fraser *concur in the result.*