AUTY BALDWIN v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 3 November, 1915.)

**1. Carriers of Goods—Live Stock—Bills of Lading—Damages—Written Notice —Waiver.**

Stipulations in bills of lading covering shipments of live stock, requiring written notice of claim for damages to be given before the stock is removed from the possession of the carrier, are valid; but the requirement that the notice shall be in writing is waived upon proof of the carrier's knowledge of the injury; as, in this case, where the consignee called the attention of the carrier's agent at the point of destination to the damage done, when the stock in the carrier's possession was being unloaded, and paid the freight and took them away under an agreement that the matter should later be taken up between them.

**2. Same—Discrimination.**

The rule that the carrier's knowledge of damages done to a shipment of live stock while in its possession waives the stipulated requirement of its bill of lading, that written notice thereof be given to the carrier before taking the stock from its possession, applies alike to all carriers and persons dealing with them, and is not a discrimination against or in favor of any one.

Appeal by defendant from *Justice, J.,* at the April Term, 1915, of Columbus.

Action to recover damages for injury to a carload of live stock shipped from Atlanta, Ga., to Mount Tabor, N. C., on the line of the defendant.

There was evidence on the part of the plaintiff tending to prove that the stock was received in a damaged condition, which resulted from the negligence of the defendant, and as to the amount of the damage. The defendant relied upon the following stipulations in the bill of lading, under which the shipment was made, as a defense:

"That as a condition precedent to any right to recover any damages for loss or injury to said live stock, notice in writing of the claim therefor shall be given to the agent of the carrier actually delivering said live stock wherever such delivery may be made, and such notice shall be so given before said live stock is removed or is intermingled with other live stock.

"It is agreed that this contract contains the entire bargain between the shipper and the company, and that no conversation between owners and attendants of the live stock shipped hereunder and representatives of the company shall alter, vary, add to said contract, or be valid."

The plaintiff did not file a written notice of his claim, but he testified, among other things, as follows:

"I went to the agent and called his attention to the fact at this time that they were injured when I unloaded them. I notified the agent when he unloaded the freight. We went down to the stock pen. They were in a close place and I could not examine them, but I called his attention

to hair being knocked off and told him they were in bad shape, and he told me to take them down to the barn and examine them, and I came back and paid the freight and feed bill and called his attention to the fact that one or two of these mules were stove up and had had but one feed, and we talked about it, and he told me to do the best I could. I paid him the freight and one feed bill, and went on till, the next day, I called on him in regard to finding about damages."

At the conclusion of the evidence the defendant moved for judgment of nonsuit because a written notice of the claim for damages had not been filed. The motion was denied and the defendant excepted. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*McRackan & Greer* for plaintiff.
*Davis & Davis, Schulken, Toon & Schulken, and W. A. Towns* for defendant.

ALLEN, J. Stipulations in bills of lading, covering shipments of live stock, requiring written notice of the claim for damages to be given before the stock is removed from the possession of the carrier, are valid (*Selby v. R. R.,* 113 N. C., 588; *Austin v. R. R.,* 151 N. C., 137), but the requirement that the notice shall be in writing is waived upon proof of actual knowledge of the injury. *Kime v. R. R.,* 153 N. C., 398; *Kime v. R. R.,* 156 N. C., 451; *Kime v. R. R.,* 160 N. C., 464; *Wilkins v. R. R.,* 160 N. C., 58.

These decisions, the result of mature consideration, were rendered upon interstate shipments and after the enactment of the Elkins Act of 1903, which the defendant contends changes the rule, and we are not inclined to depart from them, at least until there is an authoritative construction of the Federal Act to the contrary by the Supreme Court of the United States, which would be binding on us.

The two cases from the Circuit Court of Appeals (*Kidwell v. Oregon,* 208 Fed., 1; *Clegg v. R. R.,* 203 Fed., 971) are entitled to high consideration, emanating as they do from courts of learning and ability, but while they discuss the right to waive the stipulation, neither deals with the effect of knowledge brought home to the carrier before the removal of the stock.

The case of *R. R. v. Kirby,* 225 U. S., 155, which is also relied on by the defendant, presents an entirely different question. In that case a special contract giving an advantage to a particular shipper at the regular rate charged to all shippers was held to be a preference.

The rule permitting knowledge to supply the written notice is not a discrimination between railroads, nor is it a preference in favor of a particular shipper at the expense of others. It is a mode of proof

applicable alike to all railroads and in favor of all shippers, and it is enforced against a carrier who has had possession of the property with every opportunity to know the extent of the injury and its cause.

There are many well-considered cases that hold the stipulation to be void because unreasonable, and particularly when the notice is required to be. given before the removal of the stock; but we have not gone this far.

The judgment of nonsuit was properly overruled.

No error.