STEARNS–ROGER CORPORATION, Plaintiff,

v.

The NORFOLK & WESTERN RAILWAY COMPANY et al., Defendants.

No. 72 C 277.

United States District Court, N. D. Illinois, E. D.

Jan. 12, 1973.

John C. Bartler, McKenna, Storer, Rowe, White & Haskell, Chicago, Ill., for plaintiff.

Marvin F. Metge, Chicago, Ill., for all railways of Gorham, Adams, White & Deyoung.

Schaffenegger & Watson, Chicago, Ill., for Zurn Industries.

## MEMORANDUM OPINION

*Motion For Summary Judgment*
*of Railroads*

MAROVITZ, District Judge.

Plaintiff was the consignee of certain bills of lading issued by The Norfolk & Western Railway Company on January 27, 29, 30, 31, and February 7, 1969 covering the shipment of five boilers from Erie, Pennsylvania to Orla, Texas. The boilers were damaged in transit according to Plaintiff's complaint and it seeks recovery of the $33,380.13 it expended to repair them. Zurn Industries, Inc., the consignor and seller of the boilers is joined in the Complaint as having breached its contract to deliver the boilers in good condition.

Zurn Industries has cross-claimed against Defendant Norfolk & Western alleging that the damage occurred while the boilers were in the railroad's possession and that Zurn is therefore not liable pursuant to its contract with the railroad.

Defendant railroads have filed a Motion For Summary Judgment on the grounds that Plaintiff has failed to conform with section 2(b) of the Bills of Lading which requires that a written claim be filed with the railroads no later than nine months after the complained of damage occurred. A formal claim was filed with Santa Fe on February 2, 1970 and with Alton & Southern on November 10, 1970 both which were rejected by said railroads on the grounds that they were filed after the nine month statutory limitation.

There is no question that damage did indeed occur to the boilers and that a full and *formal* claim was not filed until after the nine month period. Plaintiff however claims that Defendant railroads were fully informed of the fact that the boilers were damaged prior to the nine month period and that the various communications in conjunction with their knowledge was sufficient conformity with § 2(b) of the Bills of Lading since the purpose of the Carmack Amendment, 49 U.S.C. § 20(11) which created the nine month limitation was to ensure that the railroads would be apprised of any claims within a reasonable amount of time after the complained of injury occurred.

Indeed there are a number of communications between the parties that indicate that the railroads did have knowledge of the damage to all of the boilers and what we must determine is whether the knowledge and the series of communications is sufficient to conform with § 2(b) of the Bills of Lading.

Defendant railroads cite numerous cases in various jurisdictions and circuits to the proposition that the railroads knowledge of the fact that damage has occurred and the extent of the damage is not a sufficient conformity with § 2(b) since a *written* claim must be filed within the nine month period. They

argue that the purpose of 49 U.S.C. § 20(11) was twofold—to ensure that the railroad or carrier would be adequately apprised of the damage in a reasonable amount of time *and* to prevent discrimination and preferences by carriers as among shippers. See Georgia, Florida & Alabama Railway Co. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916); Southern Pacific Company v. Stewart, 248 U.S. 446, 39 S.Ct. 139, 63 L.Ed. 350; Delphi Frosted Foods Corp. v. Illinois Central Railroad Company, 188 F.2d 343 (6th Cir. 1951); East Texas Motor Freight Lines v. United States, 239 F.2d 417 (5th Cir. 1957); B. A. Walterman Co. v. Pa. R.R. Co., 295 F.2d 627 (6th Cir. 1961).

Despite all of these cases we are compelled to decide in Plaintiff's favor in view of the fact that we consider Hopper Paper Co. v. Baltimore & O.R. Co., 178 F.2d 179 (7th Cir. 1949) applicable to the facts in our case. In *Hopper* the court held that the failure of the plaintiff to file a written claim in accordance with the bill of lading did not preclude recovery in view of the fact that the railroad had actual notice of the loss. The court stated that:

"the general rule in cases such as ours is, that failure to give notice of a claim for damages or loss in accordance with a stipulation in a contract, for the shipment of goods is excused, or is inapplicable, where the carrier has or is chargeable with actual knowledge of all the conditions as to the damages that a written notice could give . . . Hence, we conclude that a carrier may not use the provisions of the bill of lading to shield itself from the liability imposed upon it by the statute and the common law for its negligent destruction of the shipper's property. To hold otherwise would not be construing the bill of lading in a 'practical way'." 178 F.2d at 181, 182.

We have examined the documents appended to Plaintiff's briefs and the contentions of both parties and we find that the defendant railroads were adequately informed of the damage involved to the extent that our case fits within the holding in *Hopper* and that the various communications combined with the actual knowledge of the defendant railroads adequately apprised them of a claim for damages and a *formal* claim was not necessary under the statute. All of the damage was investigated by the railroads and included in various reports and the railroads therefore cannot deny knowledge of the extent of the damages.

Defendant railroads claim that *Hopper* has been "discredited" over the years and that most jurisdictions have refused to follow it yet they have not cited any cases in this circuit or district that indicates any attempt to modify that holding or overrule it and we therefore believe that it is still the law in this circuit. We might caution, however, that we are not in any way attempting to dispense with the strict requirement under 49 U.S.C. § 20(11) that notice must be given within nine months and base our decision in this case on the unique circumstances involved and the fact that the situation falls within the *Hopper* holding.

We find that the communications involved herein and the knowledge of the railroads as to the fact that damage occurred and the extent of the damage was an adequate substitute for the written claim to be filed under § 2(b) of the Bills of Lading and notice having been therefore given within the nine month period the motion for summary judgment is hereby denied.