FARAH MANUFACTURING COMPANY, INC., Appellant,

v.

CONTINENTAL AIRLINES, INC. and Braniff Airways, Incorporated, Appellees.

No. 6419.

Court of Civil Appeals of Texas, El Paso.

June 18, 1975.

Rehearing Denied July 16, 1975.

Edwards, Belk, Hunter & Kerr, Frank H. Hunter, El Paso, for appellant.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Sam Sparks, El Paso, for appellees.

## OPINION

PRESLAR, Chief Justice.

This is a suit by a shipper against the initiating carrier and the connecting carrier for loss of a shipment of air freight. The trial court granted the defendant-carriers' motion for summary judgment because the plaintiff-shipper had not filed its claim within the time provided by the air freight tariffs. We are of the opinion that the summary judgment should be reversed.

Appellant Farah delivered to Appellee Continental Airlines at El Paso, Texas, a shipment of slacks for delivery to Bambergers in Newark, New Jersey. Appellee Braniff was a connecting carrier. When the shipment reached New Jersey it was hijacked—stolen. The theft was made known to Appellees Continental and Braniff soon after it occurred but neither ever informed Bambergers, the consignee, or Farah, the shipper, of the loss. There were numerous other shipments from Farah to Bambergers, and through correspondence regarding these shipments and their invoices, it was discovered that this particular shipment had not been received by the consignee. Farah then filed its written claim with Appellees. This was 341 days after the date of shipment, and the tariff required the claim be filed within 270 days.

When Farah presented its shipment to Continental, it was issued a rapid air bill which contained a provision that it was subject to the governing tariffs in effect on that date. Tariff rule 60 provided that, except for overcharges, all claims must be

made in writing to the originating or delivering carrier within 270 days after the date of acceptance of a shipment, and Rule 62 provided that the carrier would not be liable unless Rule 60 had been complied with. Appellees pled this failure to timely file and the trial court in granting the summary judgment sustained that defense. In that the Court erred.

The affidavits and their attached exhibits show that Appellees had knowledge of the loss of the shipment soon after such loss occurred, that they had in their possession the addresses of the consignee and the shipper, and that they did not notify either the consignee or the shipper of the loss. It is also established that neither the consignee nor the shipper knew of the loss from any other source prior to the time that the shipper actually filed its claim. The Appellant-shipper relies on this lack of knowledge of the loss on its part and on the failure of the Appellees to notify it of the loss. It also contends that the fact that the carriers had full knowledge of the loss excuses the filing of a claim.

This being an interstate shipment, Federal law controls. The latest expression of applicable Federal law which our research reveals is found in the case of In re Penn Central Transportation Company, 351 F.Supp. 1348 (E.D.Pa.1972), wherein the Court said:

"The petitioner's brief, and the cases and authorities cited therein, 13 Am.Juris.2d Carriers, § 332, pp. 316–817, § 434, pp. 909–10; Alabama GSR Company v. McKenzie, 139 Ga. 410, 77 S.E. 647 (1913); Merchants and Miners Trans. Co. v. Branch, 282 F. 494 (4th Cir. 1922), and American Fruit Growers v. Pacific Electric Railway Co., 72 Cal.App. 682, 238 P. 105 (1925), convincingly demonstrate that a carrier owes a quasi-fiduciary duty to the shipper, and is required promptly to alert the shipper to the non-deliverability of the goods, * * *."

Since Appellees breached their duty to promptly alert the Appellant that the shipment could not be delivered—was lost, they are in no position to claim the defense that Appellant did not file its claim in the time allowed. The duty to notify is not absolute, but depends on the facts of the case, and whether we call it a duty, or an act, or failure to act on the part of the carriers, the fact stands out that but for their failure to notify the shipper of the theft of the shipment, the shipper could have timely filed its claim—complied with the tariff.

█ Tariffs duly filed and approved by the Civil Aeronautics Board become the contract between the shipper and carrier and provisions such as the one here, that notice of any claim for loss shall be given within a specified time, are valid. In construing such provision, the Courts have uniformly held that its purpose is not to permit the carrier to escape liability but to facilitate prompt investigation. Such tariff provisions must be given a reasonable and practical construction adapted to the circumstances of the case under adjudication, and their application is limited to cases falling fairly within this, their object and purpose. 14 Am.Jur.2d, Carriers § 582, p. 102. Such construction has allowed the failure to give notice of a claim within a specified time to be excused because of some act of the carrier. Thus, where a carrier by its own act makes it impossible for a shipper to give notice within the time limited by the contract, the failure to give notice is held not to bar a recovery. Cleveland, C., C. &. St. L. Ry. Co. v. Hayes, 181 Ind. 87, 103 N.E. 839, 104 N.E. 581; Reynolds v. Great Northern Ry. Co., 40 Wash. 163, 82 P. 161; 14 Am.Jur.2d, Carriers § 590, p. 111. In the case before us, the failure of the carriers to notify the shipper that the shipment had been hijacked or stolen prevented the timely filing of the claim by the shipper. We hold that such failure on the part of the carriers excused the late filing of the shipper's claim and

precluded the carriers' defense of their liability under the aforementioned Rules 60 and 62.

We are also of the opinion that because the carriers had full knowledge of the loss, a written claim was not required. This case falls within the holding of Hopper Paper Co. v. Baltimore & O. R. Co., 178 F.2d 179 (7th Cir. 1949), cert. denied, 339 U.S. 943, 70 S.Ct. 797, 94 L.Ed. 1359. It was there held that the failure of the shipper to file a written claim did not preclude recovery in view of the fact that the shipper had actual notice of the loss. Appellees cite East Texas Motor Freight Lines v. United States of America, 239 F.2d 417 (5th Cir. 1956), to the contrary, as controlling. That case is distinguishable from Hopper, in fact, in its opinion, it specifically distinguishes itself from Hopper. It notes that the carrier in Hopper had full knowledge, while its carrier did not have full knowledge—its information of the loss coming from third parties and being indefinite as to the extent of the damages. In the case before us, as in Hopper, the loss was total, and was known to the proper authorities of the Appellees, because there was a written memo circulated among them soon after the theft of the shipment. Under such state of facts, we think that Hopper clearly applies to the instant case. A claim was filed in the case before us, so all that is involved is the timely filing of it. To uphold a judgment for Appellees, would be to allow the Appellees to escape liability by a tariff provision designed to facilitate prompt investigation of a matter of which Appellees had full knowledge.

Both parties filed motions for summary judgment in this case and that of the defendants was granted and that of the plaintiff was overruled. Appellant has a single assignment of error that the Court erred in granting the defendants' motion. Under such circumstances it is held that the appellate court can act upon the denied motion, "if the point has been properly preserved." Gulf, Colorado & Santa Fe Railway Company v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958). We hold that Appellant has not properly preserved the error of the trial court in failing to grant its motion for summary judgment and, therefore, the case must be reversed and remanded rather than reversed and rendered. Henderson v. Nitschke, 470 S.W.2d 410 (Tex.Civ.App.—Eastland 1971, writ ref'd n. r. e.).

The judgment of the trial court is reversed and the cause is remanded to the trial court.