HENRY PRATT COMPANY, a
corporation, Plaintiff,

v.

STOR DOR FREIGHT SYSTEMS, INC., a
corporation, Defendant.

STOR DOR FREIGHT SYSTEMS, INC., a
corporation, Third-Party Plaintiff,

v.

BURLINGTON NORTHERN INC., a
Foreign Corporation, Third-Party
Defendant.

No. 75C544.

United States District Court,
N. D. Illinois, E. D.

Sept. 19, 1975.

Dale C. Gordon, Hopkins, Sutter, Mulroy, Davis & Cromartie, Chicago, Ill., for plaintiff.

Adolph L. Haas, Gary E. Dienstag, and Louis L. Vishny, Chicago, Ill., for defendant-third-party plaintiff.

Barry N. Gutterman, Chicago, Ill., for third-party defendant.

DECISION

McMILLEN, District Judge.

This case comes on to be heard on the motion of the defendant for summary judgment. The motion is based on defendant's affirmative defense that the bill of lading between the parties required all claims for loss or damage to be made within nine months of shipment and that the claim filed herein was filed more than one year after shipment. The defendant's motion is sup-

ported by an affidavit of its Director of Claims which attaches (1) the bill of lading by which the plaintiff delivered the goods in question to the defendant on or about December 1, 1972 and (2) the claim submitted by the plaintiff to the defendant dated December 15, 1973.

Plaintiff resists the motion by filing certain answers to interrogatories of the third party defendant Burlington Northern Inc. on whose line the goods were destroyed by an accident which occurred on or about December 11, 1972. Also attached is an answer to interrogatories filed by the defendant Stor Dor Freight Systems Inc. stating that, if it had received a timely claim from the plaintiff, it would have forwarded it to Burlington Northern Inc., as it had done with other claims.

On the basis of these affidavits, we find and conclude that there is no genuine issue of material fact and that summary judgment should be granted for the defendant Stor Dor Freight Systems, Inc. The plaintiff did not comply with the time limitation in the bill of lading which was executed in accordance with the Carmarck Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11). The plaintiff likewise failed to comply with the regulation of the Interstate Commerce Commission which requires a communication in writing from a claimant filed with the carrier within the time limits specified in the bill of lading. 49 C.F.R. § 1005.2(b). Although neither the statute nor the regulation contains the nine-months' limitation, the parties do not contest its reasonableness or effectiveness.

The court had no jurisdiction to change the contract between the parties or the law established by Congress and by the Interstate Commerce Commission. Periods of limitations are intended to afford the carrier an opportunity to investigate claims within a reasonable time before they become stale and are no different than statutes of limitations on automobile insurance policies or other arm-length agreements between the parties. *East Texas Motor Frt. Lines v. United States*, 239 F.2d 417, 419 (5th Cir. 1956).

We do not believe that *Hopper Paper Co. v. Baltimore & Ohio R. Co.*, 178 F.2d 179 (7th Cir. 1949) should be extended beyond its own particular facts which differ from those in the case at bar. In the *Hopper* case, the goods were destroyed by a collision of two of the defendant's trains. After the nine-months' period had run, the consignor filed a claim. The court held that it was not barred inasmuch as the carrier had full possession of all the facts, expected that a claim was forthcoming, and had itself notified the consignor in writing. Nothing further would be accomplished by a written claim from the consignor. In the case at bar, however, the consignor's claim was against the initiating carrier which had promptly delivered the goods to the railroad and therefore had no further connection with them or with their loss or destruction. A notice to the defendant therefore would have permitted it to perfect its right against the railroad, but until such a notice was served upon the defendant, it had no basis for filing its own claim.

We might add that there could be many reasons why claims are never filed, other than mere negligence or oversight. They might be covered by other insurance, the consignor might prefer to take a tax deduction, or the consignor might be a subsidiary or otherwise have a financial interest in the carrier. Therefore, in order for a carrier and its accountants to know what contingent or other liabilities exist at any given time, it should be able to rely upon applicable statutes of limitations. As a matter of common equity between contracting parties, the widely criticized *Hopper* decision should not be extended.

For the reasons stated above, summary judgment is granted in behalf of the defendant Stor Dor Freight Systems, Inc., and accordingly the third-party complaint by Stor Dor against Burlington Northern Inc. is dismissed.