**CANBERRA INDUSTRIES, INC., Appellant,**

v.

**BRANIFF INTERNATIONAL, Appellee.**

No. 5588.

Court of Civil Appeals of Texas, Waco.

April 8, 1976.

Henry Stollenwerck, Dallas, for appellant.

Touchstone, Bernays & Johnston, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Canberra from summary judgment that it recover from defendant Braniff $51.50.

Canberra sued Braniff alleging that it delivered a Computer Cassette Tape Transport System in perfect condition to defendant in Tulsa, Oklahoma, for shipment to Dallas, Texas; that the Cassette Tape Transport System was delivered in Dallas in a damaged condition, to plaintiff's damages in the sum of $2,321.89.

Braniff answered that its liability was limited to $51.50 because no value was declared on the Air Bill, thereby limiting its liability to the condition contained under the applicable Tariff and Condition Contract, which was $51.50.

Canberra moved for summary judgment, attaching affidavit of Walter McKay, Jr., who swore that he was an employee of Canberra; that he delivered the Casette Tape Transport System to Braniff in Tulsa, Oklahoma for shipment to Dallas, Texas; that it was in perfect condition; that he paid the freight bill charged by Braniff; that thereafter he picked the Cassette Tape Transport System up from Braniff in Dallas; that it was delivered in damaged condition; such damage amounting to $2,321.89.

Braniff moved for summary judgment that Canberra have judgment for $51.50, attaching the affidavit of its employee Jerry Mills, the Air Bill, and the referenced Tariff (filed with the Civil Aeronautics Board), which showed that no value was declared on the Air Bill by Canberra, and that pursuant to the Tariff, recovery by Canberra is limited to a value of 50 cents per pound, or a total of $51.50. If a value had been declared by Canberra an additional transportation charge of 15 cents for each $100. or fraction of value exceeding 50 cents per pound or $50., would have been made.

The trial court granted Braniff's motion and rendered judgment for Canberra for $51.50 plus costs.

Canberra appeals on 2 points:

1) The trial court erred in holding that Canberra could not recover all of its damages.

2) The trial court erred in granting summary judgment because Braniff did not prove that the provisions of the Tariff were applicable.

The Air Bill reflects that Canberra shipped the Computer System, weight 103 pounds to itself from Tulsa, Oklahoma to Dallas, Texas. It reflects no declared value. The Tariff (Transportation charges) provides a shipment shall have a declared value of 50 cents per pound (but not less than $50), unless a higher value is declared on the Air Bill at time of shipment, in which event an additional transportation

charge of 15 cents per $100. value (or fraction thereof) is required.

■ A carrier engaged in interstate transportation of property by air may not exempt itself from liability for its negligence, but may limit its loss to an amount not greater than a fixed valuation as a factor in determining its transportation rate, and increase the transportation rate as the amount of the property risk increases. *Wadel v. American Airlines, Inc.,* CCA (Dallas) Er. Dismd., Tex.Civ.App., 269 S.W.2d 855. And the Tariff filed by the air carrier with the Civil Aeronautics Board, as recited in the Air Bill, is a part of the contract between the shipper and the carrier. *American Airlines, Inc., v. Miller,* 163 Tex. 400, 356 S.W.2d 771; *Farah Manufacturing Co. Inc., v. Continental Airlines, Inc.,* Tex. Civ.App., CCA (El Paso) NWH, 524 S.W.2d 815.

Thus a carrier may limit its liability to the value declared by the shipper, or if the shipper does not declare a value, to the terms set forth in the applicable tariff. The summary judgment proof in the record here reflects Braniff's liability limited to 50 cents per pound or a total of $51.50.

Canberra's points are overruled.

AFFIRMED.