MGD GRAPHIC SYSTEMS AMERICAS COMPANY, a Division of North American Rockwell Corporation, Plaintiff,

v.

ACME FAST FREIGHT, INC., Chicago Rock Island and Pacific Railroad Company, and Southern Pacific Transportation Company, Defendants.

No. 76 C 1605.

United States District Court, N. D. Illinois, E. D.

April 6, 1977.

Charles M. Fraenkel, Conklin, Leahy & Eisenberg, Chicago, Ill., for plaintiff.

John N. Kern, Joel H. Steiner, Axelrod, Goodman, Steiner & Bazelon, Bruce C. Spitzer, James O. Christy, Chicago, Ill., for defendants.

## ORDER

FLAUM, District Judge:

Before the court is defendant's motion for summary judgment on plaintiff's complaint which asserts a claim for damage to consigned goods during shipment. 49 U.S.C. § 20(11). The motion for summary judgment is predicated on Acme Freight's published tariff and the written restriction in the bill of lading for the goods in question which requires as a condition precedent to recovery that a formal claim for damage be filed with defendant within a proscribed time limit. [See Abraham Affidavit.] The goods in question were placed in transit with Acme Freight on or about November 19, 1973, written correspondence from plaintiff dated January 17, 1974 evidencing an intent to file a claim but without specifying the amount of damages was received by defendant, and formal notice of the claim was filed by plaintiff on July 11, 1975. The issue before the court is whether failure to file a formal notice of claim precludes recovery against Acme Freight and dictates summary judgment for defendant on plaintiff's claim.

In this circuit failure to file formal notice of a claim in compliance with the restrictions of the tariff and bill of lading is not necessarily fatal to a plaintiff's claim for damages. Such formal notice is directed toward apprising the carrier of the fact and extent of the damage claimed by the customer, and the Seventh Circuit Court of Appeals has held that if actual notice of the fact and extent of the damage is known to the carrier the effect of the formal notice has been achieved and suit on the claim need not be barred. *Hopper Paper Co. v. Baltimore & Ohio Ry.,* 178 F.2d 179 (7th Cir. 1949), *cert. denied,* 339 U.S. 943, 70 S.Ct. 797, 94 L.Ed. 1359; *Stearns-Roger Corp. v. Norfolk & Western Ry.,* 356 F.Supp. 1238 (N.D.Ill.1972). Although the defendant correctly notes that the *Hopper* decision has been criticized and limited to its facts, this court is persuaded that in the instant action the correspondence of January 17, 1974 necessitates an examination of whether the *Hopper* exception governs this case.

The January 17, 1974 letter satisfies the first prong of the *Hopper* test as it establishes that defendant was made aware of the *fact* of the damage to plaintiff's shipment. No adequate evidence is in the record to prove by undisputed facts that the defendant was not aware of the *extent* of the damage, the other prong of the *Hopper* exception. The Abraham affidavit submitted by defendant avers that no communication other than the January 17, 1974 letter was received from plaintiff and that

letter does not disclose the extent of the damage claimed. However, the absence of communication with plaintiff cannot itself establish that defendant did not have actual knowledge of the extent of the damage. No averment to that effect is found in the affidavit and indeed plaintiff suggests that evidence of such actual knowledge of the extent of the damage may be adduced.[1] To prevail on this motion for summary judgment defendant must establish that on the undisputed facts no actual notice may be imputed to it thus negating the applicability of the *Hopper* exception. Disproving actual knowledge is a task which cannot be performed by selectively relying on certain documents. As this court cannot be satisfied on the record before it on this motion whether defendant Acme Freight had actual knowledge of both the fact and the extent of plaintiff's claimed damages (elements which plaintiff must prove to prevail on the claim) the defendant's motion for summary judgment must be DENIED.

---

1. Plaintiff relies on a claim record which reflects a claim filed by defendant for the damage to plaintiff's goods. The date of the claim is "07/17/73" several months prior to the alleged shipment. Similarly, the plaintiff relies on a record of investigation which details the nature of the damage to the plaintiff's goods but does not disclose the extent of damage, i. e., the carrier's potential liability. (Plaintiff's exhibits 2 and 3).