**BETHLEHEM STEEL CORPORATION, Appellant (Plaintiff Below),**

**v.**

**ARTIM TRANSPORTATION SYSTEM, INC., Appellee (Defendant Below).**

**No. 3–881A208.**

Court of Appeals of Indiana, Third District.

Feb. 11, 1982.

J. B. Smith, Randall J. Nye, Daniel W. Glavin, Hammond, for appellant; Beckman, Kelly & Smith, Hammond, of counsel.

Harold Abrahamson, Abrahamson, Reed & Tanasijevich, Hammond, for appellee.

HOFFMAN, Presiding Judge.

Bethlehem Steel Corporation appeals the summary judgment entered in favor of Artim Transportation System, Inc. In essence, the sole issue raised is whether a provision contained in the bill of lading requiring notice of a claim within nine months of a loss may be circumvented under the circumstances of this case.

 The facts are undisputed. On October 11, 1978 two coils of steel sheets were accepted for transport by Artim. The coils were accepted at the plant of Roll Coater, Inc. located in Kingsbury, Indiana. The coils were destined for the Ford Motor Company in Walton Hills, Ohio. A separate bill of lading was prepared for each coil. Each bill of lading contained the following provision:

"Sec. 2(b). 'As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, or carrier in possession of the property when the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed;

and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.' " [1]

Additionally, each bill of lading named Roll Coater as the shipper and contained a notation to forward the freight bill to Bethlehem.

The coils were delivered to Ford on October 12, 1978. One coil was unloaded and Artim's driver was instructed to return the next day to unload the second coil. Artim's truck and the coil were stolen during the night of October 12, 1978.

Artim notified the designated shipper, Roll Coater, of the theft on October 13, 1978. Bethlehem was not aware of the theft until November 29, 1979. Bethlehem filed its claim on December 14, 1979. The claim was denied and this action was filed. The trial court granted Artim's motion for summary judgment, holding that the claim was barred due to Bethlehem's untimely filing of its notice of claim.

■■ Initially, Artim requests that the trial court's judgment be affirmed due to Bethlehem's failure to include a verbatim statement of the judgment in its brief as required by Ind.Rules of Procedure, Appellate Rule 8.3(A)(4). As noted by Artim, affirmance without consideration of the merits is not mandatory. *Randolph v. Wolff* (1978), Ind.App., 374 N.E.2d 533. When possible, it is preferable to decide cases on their merits. Artim's request for summary affirmance is therefore denied.

This ruling should not be interpreted however as excusing noncompliance with the appellate rules. It remains within this Court's discretion to dismiss appeals or waive arguments for failure to follow these rules.

Bethlehem first asserts that the nine-month limitation provision contained in the bill of lading does not bar a claim filed beyond the nine-month period if, in fact, the carrier has actual knowledge of the loss. Bethlehem cites *Hopper Paper Co. v. Baltimore & O. R. Co.* (7th Cir. 1949) 178 F.2d 179 as the leading case in support of this proposition.

■ While it is true that *Hopper Paper* and its progeny [2] do hold that under some circumstances where a carrier has actual knowledge of a loss the nine-month limitation on the notice of claims need not be adhered to, this is by no means a universal rule of law. As noted in *Perini-North River Associates v. Chesapeake & O. Ry. Co.* (3rd Cir. 1977) 562 F.2d 269, at 273:

"*Hopper Paper* was considered a maverick decision, and only several cases followed its lead. *Loveless v. Universal Carloading & Distributing Co.*, 225 F.2d 637 (10th Cir. 1955); *Stearns-Roger Corp. v. Norfolk & Western Railway*, 356 F.Supp. 1238 (N.D.Ill.1973). Most courts criticized *Hopper Paper* and demoted it to the ranks of cases distinguishable on their facts. *See* Sorkin, *How to Recover for Loss or Damage to Goods in Transit* § 7.03, at 7–10 (1976). Yet *Hopper Paper* seems misguided only in that its rationale equated actual knowledge with estoppel, and as a result concentrated on what the carrier knew rather than on what it did. *We do not question the accepted rule that actual knowledge on the part of the carrier cannot substitute for the written notice required by a bill of lading.* The

---

1. This provision is authorized by the "Carmack Amendment," 49 U.S.C. § 11707, formerly 49 U.S.C. § 20(11). Because this case concerns a contract for the interstate shipment of goods, federal law applies. *See Chesapeake & Ohio Ry. v. Martin* (1931) 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983 and cases cited therein.

2. *See, e.g., Wisconsin Packing Co. v. Indiana Refrigerator Lines* (7th Cir. 1980) 618 F.2d 441;

*Loveless v. Universal Carloading & Distributing Co.* (10th Cir. 1955) 225 F.2d 637; *Union Carbide Corp. v. Consolidated R. Corp.* (N.D.Ill. 1981) 517 F.Supp. 1094; *MGD Graphic Systems, etc. v. Acme Fast Freight* (N.D.Ill.1977) 437 F.Supp. 10; *Stearns-Roger Corp. v. Norfolk & Western Railway Co.* (N.D.Ill.1973) 356 F.Supp. 1238.

estoppel inquiry is not closed, however, simply by virtue of that principle." (Emphasis added.)

*See generally East Texas Motor Freight Lines v. United States* (5th Cir. 1956) 239 F.2d 417; *Northern Pac. Ry. Co. v. Mackie* (9th Cir. 1952) 195 F.2d 641; *Delphi Frosted Foods Corp. v. Illinois Cent. R. Co.* (6th Cir. 1951) 188 F.2d 343; *Insurance Co. of North America v. Newtowne Mfg. Co.* (1st Cir. 1951) 187 F.2d 675; *Conagra, Inc. v. Burlington Northern, Inc.* (D.Neb.1977) 438 F.Supp. 1266; *Henry Pratt Co. v. Stor Dor Freight Systems, Inc.* (N.D.Ill.1975) 416 F.Supp. 714; *Penn State Laundry Co. v. Pennsylvania Railroad Co.* (W.D.Pa.1955) 134 F.Supp. 955; *Delaware, L. & W. R. Co. v. United States* (S.D.N.Y.1954) 123 F.Supp. 579.

In order to resolve the conflict in the federal decisions it is necessary to examine early United States Supreme Court opinions. In *Southern Pac. Co. v. Stewart* (1919) 248 U.S. 446, 39 S.Ct. 139, 63 L.Ed. 350 it was held that where the bill of lading contained a provision that a demand or claim for a loss must be made in writing within ten days, the carrier did not waive such a written notice merely because it had full knowledge of the injuries sustained. A similar provision for written notice within thirty days was held valid in *Gooch v. Oregon Short Line R. R. Co.* (1922) 258 U.S. 22, 42 S.Ct. 192, 66 L.Ed. 443. There the Court stated:

"We perceive nothing in the form of the notice required to invalidate the requirement. It would have been sufficiently complied with if addressed to the railroad company, or to the general manager, care of the railroad company. *Of course too, actual knowledge on the part of employees of the company was not an excuse for omitting the notice in writing. St. Louis, Iron Mountain & Southern Ry. Co. v. Starbird*, 243 U.S. [592] 594 [37 S.Ct. 462, 463, 61 L.Ed. 917]." (Emphasis added.) *Id.* at 24, 42 S.Ct. at 193.

Finally in *Chesapeake & Ohio Ry. v. Martin* (1931) 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983 where the issue involved a six-month time limitation with respect to a written notice of a claim the Court ruled:

"And it was distinctly held by this court in *Georgia, Fla. & Ala. Ry. v. Blish Co., supra* [241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948] ( [241 U.S. at] p. 197 [36 S.Ct. at p. 544] ), that the parties to a contract of interstate shipment by rail, made pursuant to the Interstate Commerce Act, could not waive its terms; 'nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under published tariffs and regulations. A different view would antagonize the plain policy of the Act and open the door to the very abuses at which the Act was aimed.'"

*Id.* at 221, 51 S.Ct. at 458.

It should be noted that in all of these cases the bills of lading provided for a time limitation which was authorized by the version of the Interstate Commerce Act then in effect. In light of these decisions, it cannot be said that as a matter of law, actual knowledge of damage or loss by the carrier dispenses with a shipper's contractual obligation to give written notice of claim within the period agreed upon in the bill of lading.

Bethlehem next asserts that Artim should be estopped from raising the nine-month time limitation as a defense in this case. In *Perini-North River Associates v. Chesapeake & O. Ry. Co., supra*, 562 F.2d at 273, the Court examined the applicability of an estoppel claim.

"The Carmack Amendment, which codifies the common law liability of a carrier, creates a federal right. Therefore the question whether the carrier's conduct constitutes grounds for estoppel dispensing with the written claim requirement is a federal question. *St. Louis, Iron Mountain & Southern Railway v. Starbird*, 243 U.S. [592] at 597, 37 S.Ct. 462 [at 464, 61 L.Ed. 917]; *Insurance Co. of North America v. Newtowne Manufacturing Co.*, 187 F.2d 675, 680 (1st Cir. 1951). *Cf. Lone Star Packing Car Co. v. Baltimore & Ohio Railroad*, 212 F.2d 147 (5th Cir. 1954). Local rules of estoppel may not be applied so as to thwart the purposes of

federal statutes. *Sola Electric Co. v. Jefferson Co.*, 317 U.S. 173, 177, 63 S.Ct. 172, [174] 87 L.Ed. 165 (1942). The converse is also true: the doctrine should be used when it enhances the statutory purpose."

The Court in *Perini-North River Associates* noted that a filing requirement not only benefits the consignee by facilitating prompt investigations of claims, but it also benefits a carrier by providing a reliable record of potential liabilities. The Court examined the conduct of the carrier and found that the carrier should be estopped from raising the untimely filing due to its actions. Factors considered by the Court were: representations by an employee of the carrier that the carrier waived compliance with the requirement; the carrier's unexplained departure from normal practices following damage to the goods; and the failure of the carrier's agents to mention to the consignee that the claims had not been filed during several unrelated transactions which took place within nine months of the loss.

 It is generally conceded that in cases where the carrier's conduct in some way induced the claimant's failure to file notice of its claim within the specified time limitations, the carrier may be estopped from raising the untimely filing as a defense. *See generally Cordingley v. Allied Van Lines, Inc.* (9th Cir. 1977) 563 F.2d 960; *Perini-North River Associates v. Chesapeake & O. Ry. Co., supra* ; *Lehigh Valley R. Co. v. State of Russia* (2nd Cir. 1927) 21 F.2d 396; *Miller v. Aaacon Auto Transport, Inc.* (S.D.Fla.1978) 447 F.Supp. 1201; *South Carolina Steel Corp. v. Southern Railway Co.* (1974) 262 S.C. 543, 206 S.E.2d 828; *Peters v. United Van Lines, Inc.* (1980), 82 Ill.App.3d 104, 37 Ill.Dec. 488, 402 N.E.2d 378. Such a situation is not present in the instant case. Here, Roll Coater was listed as the shipper on the bill of lading. A bill of lading is a document of title and is prima facie evidence of the genuineness of the facts stated in the document. *See* IC 1971, 26–1–1–201(15) (Burns Code Ed.) and IC 1971, 26–1–1–202 (Burns Code Ed.) In some cases the evidence may be sufficient to rebut what is contained in a bill of lading. *See, e.g., Masson Cheese Corp. v. Valley Lea Dairies* (1980), Ind.App., 411 N.E.2d 716. The present case however cannot be included within such a class of cases. It is apparent that all of Artim's dealings were with Roll Coater. The coils were accepted at Roll Coater's plant. Roll Coater was the designated shipper of the coils according to the bill of lading. The only reference to Bethlehem was a notation to forward the freight bill to Bethlehem. Under these circumstances, as a matter of law, Artim acted properly in notifying Roll Coater of the loss. Inasmuch as Artim acted properly in notifying Roll Coater of the loss, Artim will not be estopped from raising the failure of Bethlehem to timely file a notice of claim as a defense.

Bethlehem also contends that its inability to timely file its notice of claim due to its own lack of knowledge of the loss excuses the late filing. Bethlehem cites *Pathway Bellows, Inc. v. Blanchette* (2nd Cir. 1980) 630 F.2d 900 and *Farah Mfg. Co., Inc. v. Continental Airlines, Inc.* (1975) (Tex.Civ. App.) 524 S.W.2d 815 as authority for this proposition. As noted previously however, Artim acted properly in notifying the shipper, Roll Coater, of the loss. Assuming for the sake of argument that a carrier has a "quasi-fiduciary" duty to the shipper to promptly notify the shipper of the non-deliverability of goods, *see Farah Mfg. Co., Inc. v. Continental Airlines, Inc., supra*, Artim discharged its duty by promptly notifying Roll Coater of the loss.

 Finally, Bethlehem contends that the trial court erred in denying its motion for summary judgment. It has been decided however that Bethlehem's recovery is barred due to its untimely filing of the notice of claim. The trial court therefore did not err in denying the motion.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.