**FARMLAND INDUSTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant-Appellee.**

No. 83–3685

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 8, 1984.

Stanley H. Eleff, Tampa, Fla., for plaintiff-appellant.

Nathan D. Goldman, Tampa, Fla., for defendant-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

In November, 1977, Farmland Industries, Inc. (Farmland) shipped eight rail cars of Diammonium Phosphate and Phosphoric Acid on the Seaboard Coast Line Railroad Company (Seaboard); the train derailed and the shipments were destroyed. Farmland did not submit a claim to Seaboard for the damage until February, 1979. Farmland subsequently filed this case in the district court to recover the value of six of the carloads. (Seaboard inexplicably paid for the loss of two carloads but declined to pay for the remaining six carloads which are at issue in this case.) The district court granted summary judgment in favor of

---

Seaboard, holding that Farmland could not prevail because it failed to submit its claim for damage to Seaboard within the nine month period set forth in Seaboard's standardized bill of lading. Farmland appealed to this court; we affirm.

Congress, by statute, has mandated that a railroad carrier must provide a period of at least nine months for the filing of claims. 49 U.S.C. § 11707(e). Following the lead of the statute, virtually all carriers have adopted uniform bills of lading that require claims to be filed within the statutory minimum time of nine months. Farmland admits that it did not submit a claim in conformity with the requirements of the bill of lading within the nine month period. Farmland nevertheless argues that its failure to file a claim should be excused under the "actual knowledge" exception developed by the Court of Appeals for the Seventh Circuit. *See Hopper Paper Company v. Baltimore and Ohio Railroad*, 178 F.2d 179 (7th Cir.1949), *cert. denied*, 339 U.S. 943, 70 S.Ct. 797, 94 L.Ed. 1359 (1950). In *Hopper*, the plaintiff's entire shipment was destroyed, and the defendant advised the plaintiff of the loss. The plaintiff then informed the defendant of the exact value of the shipment, but the plaintiff transmitted the information in a nonconforming notice. The court excused the plaintiff's failure to comply with the notice provisions, holding that the defendant had received "actual knowledge of all the conditions as to the damages that a written notice could give." 178 F.2d at 181.

The district court noted that the *Hopper* rule has not been adopted by either this circuit or the former Fifth Circuit, *see East Texas Motor Freight Lines v. United States*, 239 F.2d 417, 420 (5th Cir.1956) (distinguishing *Hopper*); however, the district court declined to decide whether this circuit would adopt the *Hopper* rule because it found the facts in this case distinguishable from those in *Hopper*. The district court stated:

> The carrier in *Hopper* not only knew that the shipper's entire cargo was destroyed but also knew, pursuant to a noncon-

forming notice, the exact value of that loss. One of the principal functions of the notice requirement in the bill of lading is to allow the carrier to exactly compute its losses. Unlike *Hopper*, the defendant in the instant case did not receive notice of the specific amount of the plaintiff's damage claim. Thus, while the *Hopper* Court could correctly describe the submission of a conforming notice as a "useless act," under the facts in the present case, such a description is not accurate.

Memorandum Opinion at 3. Thus, the district court held that Farmland's failure properly to give notice precluded. it from recovery even under the *Hopper* rule.

We hold that the district court properly distinguished *Hopper* from the present case and entered summary judgment for Seaboard. We somewhat doubt that this circuit would adopt the *Hopper* holding, which has not been widely followed. *See Wisconsin Packing Co. v. Indiana Refrigerator Lines*, 618 F.2d 441, 452 & n. 1 (7th Cir.1980) (en banc) (Sprecher, J., dissenting) ("every citation of *Hopper* by other courts either criticizes it or holds it narrowly to its facts"). We need not decide whether to adopt the *Hopper* rule in resolving this case, however, because this case is distinguishable from *Hopper*, falling within the general rule that the plaintiff must properly give notice. *See East Texas Motor Freight Lines*, 239 F.2d at 418–21.

The judgment of the district court is AFFIRMED.